No. 44.—James V. Hogg *et. al.* plaintiffs in error, *vs.* Eldridge Mobley and another, *defendants.*

[1.] Where an appeal is taken from the Court of Ordinary to the Superior Court, under the Act of 1805, which requires the appellants to give *security* to the Clerk for all costs which may accrue, by reason of such appeal : *Held,* that an acknowledgment, taken by the Clerk, that the appellants, and their security, were jointly and severally bound to the appellees for the payment of all costs that should accrue upon the appeal, in terms of the Statute, was a good and valid appeal, according to the true intent and meaning of the Act of 1805 ; and that the appellants, and their security, would be bound in law for the payment of all costs which might accrue, by reason of said appeal.

Caveat of a probate, in Coweta County. Decision by Judge Hill, at September Term, 1849.

In this case, E. Mobley and W. Mobley were the propounders of the last will of Jethro Mobley, and James V. Hogg and others were caveators before the Court of Ordinary of Coweta County. The decision of the Ordinary was against the caveators, and they appealed to the Superior Court of said County. On the trial of this appeal, among other points taken, (not excepted to) the propounders objected that the appeal bond was payable to the propounders, instead of to the Clerk. On a motion to dismiss the appeal, the Court sustained this exception, and ruled the bond void.

Caveators then moved to amend the bond, by inserting the name of the Clerk in lieu of the propounders, or to be permitted to file a new bond, *nunc pro tunc,* which the Court overruled. To all of which said rulings and decisions, the caveators excepted, and thus the case comes up.

Colquitt and Cole, for plaintiffs in error.

W. Dougherty and Stokes, for defendants.

*By the Court.*—Warner, J. delivering the opinion.

[1.] By the Act of 1805, appeals are allowed from the Courts of Ordinary to the Superior Court, on the dissatisfied party paying all costs which may have accrued, and giving *security* to the

Hogg *et al. vs.* Mobley and another.

Clerk of said Court of Ordinary for such further costs as may accrue, by reason of such appeal. This Act does not require any *bond* shall be given to the Clerk—it prescribes no *form* for entering the appeal, but only requires *security* to be given to the Clerk, for such further costs as may accrue by reason of the appeal. *Prince*, 238.

From the record in this case, it appears that the caveators were dissatisfied with the decision of the Court of Ordinary, and applied to the Clerk thereof to enter an appeal, and tendered William C. Freeman as their security. The Clerk accepted the security tendered to him, and required the caveators and their security, to acknowledge themselves bound to the propounders of the will, for the payment of all costs that should accrue on the appeal, in terms of the Statute. All the Act of 1805 requires of the Clerk is, to take the *security* offered by the appellant—it is silent as to any particular *form* in which such *security shall be bound;* but we think the form adopted by the Clerk in this case, is a very common and appropriate one, to *bind the security.* If the appellees prevail, they will be entitled to enter up judgment for their costs against the appellants and their security, according to the second section of the Act of 1826. *Prince*, 461. By the Act of 1823, appeals from the Court of Ordinary are to be tried in the same way, and under the same regulations, as other appeals. *Prince*, 455. The counsel for the defendant in error seems to suppose the Statute requires a *bond*, to be made payable to the Clerk, and cites the case of *Anthony vs. Brooks*, 5 *Georgia Rep.* 578.

The Act of 1805, as we have seen, requires *no bond,* but that *security* shall be given to the Clerk. In *Anthony vs. Brooks*, this Court held, that a claim bond should be made payable to the Sheriff, for the reason that the Act of 1821 declares that the claimant shall give *bond to the Sheriff*, conditioned *to pay the plaintiff* all damages, &c.; besides, the Sheriff is to take *the bond* in a sum equal to double the amount of the property levied on, at a reasonable valuation, *to be judged of by the levying officer. Prince*, 448. In our judgment, the appellants in this case gave *security* to the Clerk, within the true intent and meaning of the Act of 1805, and that they and their security are bound in law for all costs which may accrue, by reason of such appeal.

Let the judgment of the Court below be reversed.