No. 63.—MARTHA HOOKS, plaintiff in error, *vs.* MANNING G. STAMPER, defendant in error.

[1.] Where the appellant and his security signed their names upon the minutes of the Court, for the Clerk to write the bond above, and he failed to so: *Held*, that it is, nevertheless, a good appeal, and the omission may be supplied at any time.

[2.] A will of personalty without witnesses, being void under the Act of 1852, the judgment of the Ordinary, admitting such a paper to probate, is a nullity, and may be set aside, upon motion, at any time.

Probate of will. On appeal, in Lee Superior Court. Decision by Judge PERKINS, June Term, 1855.

Martha Hooks, widow and relict of Robert S. Hooks, moved a rule in the Court of Ordinary of Lee County, that Manning G. Stamper, executor of the will of said Robert S. show cause, at the next term, why the judgment admitting the will to probate, should not be set aside and revoked, on the grounds—

1st. That the paper, itself, shows that it was not attested as required by law.

2d. That the affidavits of the witnesses on which the probate passed, do not show that they attested and subscribed the paper in the presence of testator.

At the next term, the rule was made absolute, and the letters testamentary revoked. Stamper, being dissatisfied, applied to the Ordinary to appeal, and he and his surety signed a blank bond. Their signatures were attested by the Ordinary, but the bond was never filled up. Counsel for Mrs. Hooks moved to dismiss the appeal, on the ground that there was no appeal. Counsel for Stamper proposed to prove the facts by the Ordinary and the surety. The Court admitted the evidence and refused to dismiss the appeal. To both of which decisions, Counsel for Mrs. Hooks excepted.

Counsel for Stamper then moved to dismiss the whole proceedings, on the ground that the first probate was in solemn

form. Which motion the Court sustained, and Counsel for Mrs. Hooks excepted.

Counsel for Mrs. Hooks proposed to amend the rule, and insert, as ground for setting aside the probate—

1st. That the paper propounded is void, as a will, under the Act of 1852, because there was no witness who could have been called to prove it in solemn form.

2d. Because Mrs. Hooks never had notice of the motion for probate, in solemn form.

The Court refused to allow the amendment, and Counsel for Mrs. Hooks excepted.

On these exceptions, error has been assigned.

STROZIER & SLAUGHTER; WARREN, for plaintiff.

LYON; HOOD, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Was the Court right in refusing the motion to dismiss the appeal, and in allowing the clerical omission to fill up the bond, to be supplied by parol? We think so, most clearly.

The party had done, as the testimony shows, all the law required of him to entitle him to an appeal. He had paid the cost and entered his own name, together with that of his security, upon the minutes, to be filled up with the necessary bond. He could do no more. And the omission of the Clerk to write out the bond, must not be allowed to deprive him of his Statutory right. Indeed, this clerical mistake is amendable, both by the Statutes of *Jeofails* and the Act of 1818. (*Prince,* 442.)

[2.] Was the Court right in sustaining the motion to dismiss the case?

The will of Robert Hooks had been proven and admitted to record; and yet, it had no attesting witness, as appears from the probate itself. The witnesses who prove the execution of the will, do not pretend that it was attested. Indeed, it is

conceded that it had no subscribing witnesses. The will was therefore utterly void, and of no effect, according to the Act of 1852, extending the provisions of the Statute of Frauds, as to realty, to all wills of personalty, executed after the 1st day of June, 1852. (*Pamphlet Laws*, 154.)

This will was made several months thereafter. It was competent, therefore, to move, at any time, to set aside the judgment of the Ordinary admitting this paper to probate. It was a nullity upon its face; and in favor of such a judgment nothing could be presumed. The appeal must be re-instated.

We apprehend that the appellees will find themselves under no necessity to amend their pleadings; they have the right to do so. This point was so decided in *Vance against Crawford*, in the case of *Marshall Keith's Will.* (4 *Ga. R.* 445.) It was there held, that the pleadings might be amended in the Superior Court, on an appeal from the Court of Ordinary. According to the forms of proceeding in the Ecclesiastical Courts, there were no pleadings as in the Common Law Courts. And we have fallen into error in supposing, that in conducting business before our Courts of Ordinary, or in the Superior Courts, when sitting on appeals from the Ordinary, that that strictness was necessary which was observed in the Common Law Courts.