No. 22.—JAMES HILL, plaintiff in error, *vs* BENJ. HUDSPETH, defendant in error.

In an appeal from the Court of Ordinary, the appellant deposited with the Ordinary sufficient money to pay any future costs that might accrue in the case. *Held,* That if this appeal was not sufficient as it stood, it was amendable.

Appeal from Ordinary, in Baker Superior Court. Decision by Judge ALLEN, May Term, 1857.

This was an appeal from the Ordinary of Baker county. Upon the case being called for trial, counsel for respondent moved to dismiss the appeal, on the ground that the appellant had not given bond and security as required by law.

It appeared that instead of giving bond and security, the appellant had paid all the cost that had accrued, and deposited with the Ordinary a sum of· money. sufficient to pay all future cost.

The Court granted the motion and dismissed the appeal; and appellant excepted.

Before the judgment, dismissing the appeal, was entered on the minutes of the Court, counsel for the appellant moved to file in Court a bond with good security, for the cost; the Court refused the motion, and counsel excepted.

STROZIER; and SLAUGHTER, for plaintiff in error.

No counsel appeared for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

It is very doubtful whether the appeal was not sufficient as it stood.

All that the statute requires of the appellant is, to give "security." *Cobb's Dig.* 283. The word used is *security*, not *surety*, and the word, strictly taken, means not a person—a person who becomes bound for another, but a thing, such a

thing, as a bond, a promissory note, a mortgage, a pawn, a deposite of money.

Sufficient money was deposited in this case to secure the appellee. If, therefore, the word "security," in the statute, is to be taken strictly, this appeal was good.

It must be admitted, however, that the word is used, in many of our statutes, in the sense of the word surety. The word is, perhaps, at this day, broad enough to include the word surety. If it is, then an appeal would be in strict compliance with the statute, whether what was taken by the Clerk or Ordinary as surety was a sufficient thing or a sufficient person.

But even if the word is to be treated as having the same meaning as the word "surety," still we think that the appeal was amendable. *Burkhalter vs. Bullock*, 18. *Ga. Rep.* 372; *Hooks vs. Stamper*, *Id.* 472. A part of the ninth section of the Judiciary Act of 1799, is as follows: "And no petition, answer, return, process, or other proceeding in any civil cause, shall be abated, arrested, quashed or reversed, for any defect in matter of form, or for any clerical mistake, or omission, not affecting the real merits of the cause; but the Court, on motion, shall cause the same to be amended without any additional cost, at the first Term, and shall proceed to give judgment according to the right of the cause and matter of law, as it shall appear to the said Court, without regard to such imperfections in matter of form, clerical mistake, or omission." *Cobb's Dig.* 1136.

An appeal is a "proceeding," and is not the Clerk's omission to take a surety a "clerical omission," and one "not affecting the real merits of the cause?"

Judgment reversed.