## KING *vs*. THE AMERICAN B. H. O. AND SEWING MACHINE COMPANY.

In order for this court to reverse the first grant of a new trial, it must appear that the verdict was demanded by the evidence, or at least, that the grant was an abuse of discretion; and this court, in such a case, will not closely scan the record with a view to reverse the court below.

Judgment affirmed.

November 6, 1883.

JACKSON, Chief Justice.

## THE SOUTHERN EXPRESS COMPANY *vs*. WHEELER.

1. Section 4059 of the Code requires ten days' notice in writing of the sanction, etc., of the writ of *certiorari*, and if it be not given, the writ will be dismissed. Code, §4059; 44 *Ga.*, 16.
2. It may be waived, but the waiver must be in writing. 46 *Ga.*, 616.
3. A bond, signed by one as attorney in fact for plaintiff in *certiorari*, should be accompanied by the power of attorney. None appearing in the record, the writ of *certiorari* should have been dismissed. The court was, therefore, right to dismiss the *certiorari* on both grounds.

Judgment affirmed.

October 2, 1883. (Head-notes by the court.)

JACKSON, Chief Justice.

## HICKS *et al. vs*. COHEN.

It appearing that the claimant had been made a party to a rule in reference to the judgment and execution by virtue of which the property claimed was levied on, and the claimant having withdrawn his claim, it is ordered that the writ of error on behalf of the claimant, on grounds in respect to errors in reference to the rule, be dismissed,—the claimant after the withdrawal of his claim having no interest in the said judgment and execution. 33 *Ga.*, 205.

Writ of error dismissed.

September 18, 1883. (Head-note by the court.)

JACKSON, Chief Justice.