Rogers vs. Bennett.

ROGERS *vs.* BENNETT.

| 78 | 707 |
| 91 | 277 |
| 78 | 707 |
| 99 | 662 |
| 78 | 707 |
| 100 | 316 |
| 100 | 406 |
| 78 | 707 |
| d113 | 116 |

Where an action was brought in a justice's court to recover personal property of more than $50 in value, in which bail was required, but the statutory requirement as to making out and serving the bail process was not complied with, and on motion upon the hearing, the action was dismissed on that ground:

*Held*, that *certiorari*, and not appeal, to the superior court, was the proper method of reviewing this judgment.

April 7, 1887.

*Certiorari.* Appeal. Justices and Justice Courts. Before Judge BROWN. Cobb County. At Chambers, October 9, 1886.

Reported in the decision.

F. A. IRWIN, for plaintiff in error:

J. J. NORTHCUTT; W. J. WINN, for defendant.

HALL, Justice.

This was an action in a justice's court to recover possession of property in which bail was required. The justice failed to comply with the statute as to making out and serving the bail process. A motion was made to dismiss the action upon this ground, when it came up for hearing before him, and that motion prevailed. The amount being more than $50, the party took an appeal from that

judgment to the superior court. The fact of this dismissal appearing on the inspection of the papers at the hearing of the appeal, the judge ordered the appeal to be dismissed, holding that there was no case in court, after this judgment of dismissal was rendered, from which the appeal could be taken, and that there was no question of fact involved in the error which they sought to correct; in short, holding that *certiorari*, and not an appeal, was the proper method for reaching that question.

We think that that judgment was right, under section 4067 of the code, and the act of the legislature from which that section is taken (Cobb's Dig. 529), in which act the remedies applicable to errors of fact and of law are more distinctly pointed out than in the section of the code. A number of cases are cited under that section, but in addition to them are the cases of *Boroughs vs. White & Stone*, 69 *Ga.* 841; *Small vs. Sparks & Son, Id.* 745; *Western and Atlantic Railroad vs. Dyar*, 70 *Id.* 723; *The Savannah, Griffin & N. Ala. R. R. vs. Holcombe*, 72 *Id.* 206; *Goss vs. Lord, Id.; Cruse vs. Southern Express Co. Id.* 184, all sustaining this distinction between questions of law and fact, and holding that in the former class of cases *certiorari* is the proper remedy to correct errors, and in the latter, appeal.

There was no error in the disposition of this case in the court below, and the judgment is affirmed.