## SMITH *v.* JACKSON.

Where a bond given to appeal a case from the ordinary's court to a jury in the superior court recites the parties to the case, the character of the case, the judgment of the court, and the term at which it was rendered, and the appellant and his security acknowledge themselves bound, generally but not to any named obligee, for the eventual costs of the stated case, the fair implication is that the obligor and his security are bound to the appellee in terms of the bond. Such a bond is a substantial compliance with the Civil Code, § 4466.

Submitted April 13,—Decided May 12,.1905.

Appeal. Before Judge Holden. Elbert superior court. September term, 1904.

*T. J. Brown* and *George C. Grogan,* for plaintiff in error.
*C. P. Harris,* contra.

EVANS, J. There was a contest in the court of ordinary of Elbert county between Willis Jackson and B. A. Smith, for the guardianship of Ida Jackson, a minor. The judgment of the court of ordinary was favorable to Jackson, and Smith, desiring to enter an appeal to a jury in the superior court of Elbert county, on the day of the judgment paid all costs that had accrued, and filed with the ordinary the following paper as an appeal bond: "Georgia, Elbert county. Elbert court of ordinary, February term, 1904. In re application for letters of guardianship by Willis Jackson to be appointed guardian for Ida Jackson, and caveat filed by B. A. Smith, and judgment of the court that Willis Jackson be made guardian of Ida Jackson, this March 7th, 1904. And now within the time allowed by law comes B. A. Smith, and, being dissatisfied with the judgment in the above-stated case, enters this his appeal to a jury in the superior court of Elbert county; and the said B. A. Smith as principal, and the undersigned E. W. Nash as security, hereby acknowledge themselves bound for the eventual costs in said case. Witness our hands

and seals, this 7th day of March, 1904. [Signed] B. A. Smith (L. S.), E. W. Nash (L. S.)." When the case·was called for trial in the superior court, counsel for Jackson moved to dismiss the appeal because the appeal bond was defective, in that the name of the appellee, Willis Jackson, was not inserted in the body of the bond, and because the bond did not provide for the payment of the eventual condemnation-money. This motion was sustained by the court and the appeal was dismissed, and this ruling is assigned as error.

"In all cases in the court of ordinary, the party desiring to appeal, his attorney at law or in fact, shall pay all costs that may have accrued, and give bond and security to the ordinary for such further costs as may accrue by reason· of such appeal; this being done, the appeal shall be entered." Civil Code, § 4466. The obligee of the bond contemplated by this section of the code is the appellee. *Sims* v. *Walton,* 111 *Ga.* 866. The bond recited the parties to the case, the character of the case, the judgment of the court and the term at which it was rendered. It clearly appears from the recital who is the appellee, and as the appellant and his security acknowledged themselves bound generally for the eventual costs in the named case, the necessary implication is that the obligor and his security were bound to the appellee in the terms of the bond. Courts have always given a liberal construction to statutes allowing appeals, and we think the bond in this case was a substantial compliance with the above-stated code section. An undertaking on appeal, though not so expressed, is by implication taken to be made with the appellee. Clerk's Office *v.* Huffsteller, 67 N. Car. 449; Job *v.* Harlan, 13 Ohio St. 486. In Louisiana it was held, in Voelkel *v.* Voelkel, 18 La. Ann. 639, that where an appeal bond was not made in favor of the appellee or any obligee, the defect was fatal and the appeal should be dismissed; but in a later case (Nugent *v.* McCaffrey, 33 La. Ann. 271), it was ruled that in the absence of any name as payee of the appeal bond, the court would consider the bond payable to the person to whom the law makes it so. In appeals from the court of ordinary, the appellant gives bond and security for such further costs as may accrue by reason of such appeal, and not for the eventual condemnation-money. *Hobbs* v. *Cody,* 45 *Ga.* 478; Civil Code, § 4466. The obligation in this bond is to pay "the

evèntual costs in said case." This language is the fair equivalent of the statutory words, "such further costs as may accrue by reason of such appeal." The bond was in substantial compliance with the statute, and the court erred in dismissing the appeal.

*Judgment reversed. All the Justices concur, except Candler, J., absent.*