125　349
125　781.

## HAYS *v.* EUBANKS.

1. When an excepting party seeks to bring under review the judgment of a trial court upon a motion based upon extraneous facts therein recited, it is incumbent upon him to make it appear to the reviewing court what proof, if any, was offered in the trial court to establish those facts, or else that the motion was overruled on the ground that, assuming the facts therein recited to be true, the motion was without legal merit.

(*a*) For aught that appears, the motion to dismiss the appeal in this case may have been denied because its recitals of fact were neither admitted nor proved.

(*b*) The trial judge might properly have based his refusal to sustain the motion upon the ground that, irrespective of what was the truth concerning the matters thereby brought to his attention, no reason existed for treating the appeal bond as a nullity.

2. The bond given met the legal requirement that it should be sufficiently specific to identify the case appealed, notwithstanding the particular justice's court in which the suit originated was not stated, and the bond recited that the appeal was entered "to the superior court," without designating the county in which it was situated or otherwise indicating to what court the appeal was entered.

Submitted March 3,—Decided May 11, 1906

Appeal. Before Judge Parker. Coffee superior court. March 29, 1905.

*W. W. Bennett,* for plaintiff in error.

EVANS, J. T. H. Davis, as agent for Claude Eubanks, made affidavit before a magistrate that N. N. Hayes was indebted to his principal in a stated amount on the annexed mortgage, which indebtedness was due and unpaid. Execution duly issued and was levied, and the defendant filed his counter-affidavit. The issues thus made were tried in a justice's court, and judgment was rendered in favor of the defendant. The mortgagee, desiring to enter

an appeal, filed with the justice, J. T. McEachin, before whom the case was tried, the following bond: "Claude Eubanks vs. N. N. Hayes. Mortgage foreclosure in justice court. And now, within the time allowed by law, comes Claude Eubanks, and being dissatisfied with the judgment in the above-stated case, enters this, his appeal, to the superior court; and the said Claude Eubanks, as principal, and the undersigned, J. T. Winn, as security, hereby acknowledge themselves bound for the eventual condemnation-money in said cause. Witness our hands and seals, this 30 day of Dec. 1901. Claude Eubanks (L. S.), J. T. Winn (L. S.). Approved: T. H. Davis, N. P. & ex-off. J. P." The papers in the case were transmitted to the superior court, and upon the call of the case in that court the defendant moved to dismiss the appeal, upon the following grounds: (1) because the appeal bond was approved by T. H. Davis, the agent of the plaintiff, who signed the plaintiff's name to the bond and then signed the same himself as the notary public and ex-officio justice of the peace approving the bond; and (2) because the bond was too vague and indefinite, in that it failed to disclose what justice's court was appealed from, what superior court was appealed to, and in what county. This motion was overruled by the court, and the case proceeded to trial, resulting in a verdict for the plaintiff. The defendant sued out a bill of exceptions, therein assigning error upon the refusal of the court to sustain his motion to dismiss the appeal.

1. It does not appear from the record that any evidence was offered in support of the recital of fact upon which the first ground of the motion to dismiss was predicated, viz., that the appellant's name was signed by the magistrate who approved the bond. Whenever an excepting party desires to review the judgment of a trial court on a motion dependent upon extraneous facts, it must be made to appear to this court what proof, if any, was offered to establish those facts in the court below, in order that the correctness of the judgment may be passed upon and determined. *Neal Loan & Banking Co.* v. *Chastain,* 124 *Ga.* 940. For aught this court knows, it may be that the trial judge declined to sustain the motion on this ground because the recitals of fact were neither admitted nor proved. Looking to the affidavit of foreclosure, we discover that the name of the plaintiff's agent was T. H. Davis, the same name as that of the magistrate who attested the bond. If we assume from

this coincidence in names that one and the same person acted as the plaintiff's agent in making the affidavit of foreclosure, and subsequently, in his official character as a magistrate, approved the appeal bond, still it does not follow that the bond was void and the appeal was for that reason improperly entered.   The statute does not require an approval of an appeal bond by the trial justice. Civil Code, §4458; *Chapple* v. *Tucker,* 110 *Ga.* 467; *National Furniture Co.* v. *Edwards,* 105 *Ga.* 240.   Nor is there any express requirement that an appeal bond be attested by any other official. It not having been shown that the name of the appellant was signed to the bond, not by himself but by his agent, we are bound to assume that it was signed by the principal obligor in person.   If he and his surety signed a bond in terms of the statute and filed it with J. T. McEachin, the trial justice, within the time limited by law, this would meet every requirement of the statute; and although neither an approval nor attestation of the bond was necessary to its validity, the fact that it bore the approval of a magistrate who did not preside in the justice's court and who had previously acted as the plaintiff's agent in the foreclosure proceeding would not in any manner affect the validity of the bond.   Indeed, it was not essential that the bond should be signed by the plaintiff.   *Sanders* v. *Mathewson,* 121 *Ga.* 302.   And it was really immaterial whether the bond was in fact signed by the appellant in person or by his agent, if the latter had authority to enter an appeal in the name of his principal and the required security was furnished.   Treating the bond as one not approved nor attested, nor signed by any one save the surety, still, in view of the decision rendered in the case last cited, the appeal should not have been dismissed for the reasons assigned in the first ground of the motion to dismiss, even if the recitals of fact therein had been duly established.

2. An appeal bond is sufficiently specific if it identifies the case which is appealed.   The caption of the bond given in the present case stated the names of the parties to the litigation, its nature, and that it was brought in a justice's court; and the bond was filed in the court in which the judgment appealed from was rendered.   The appellant had the right to enter an appeal from that judgment, either to a jury in the justice's court in which the case was tried or to the superior court of the county wherein the litigation was commenced.   He made his election by declaring in the

bond that the appeal was entered "to the superior court." No other superior court could have been intended or understood except that of the county in which the case was tried and the judgment appealed from was rendered.  A reasonable intendment and liberal construction has heretofore been uniformly given to appeal bonds, which are not governed by the strict rules applicable to technical pleading, but which are to be held legally sufficient whenever there has been a substantial compliance with statutory requirements, on the part of the appellant and the contemplated protection to which the opposite party is entitled is thereby afforded him.  See *Smith* v. *Jackson*, 122 *Ga.* 857 and cit.  The bond given in this case was not, we think, too vague and indefinite to afford ample protection to the appellee in the event he prevailed in the suit.

*Judgment affirmed.  All the Justices concur.*