## HARWELL *et al. v.* MARSHALL.

1. In a petition for certiorari, where all the evidence and all the record, including the judgment of the trial court, are set forth, it is a sufficient assignment of error to allege that the plaintiffs except to the judgment and assign error upon the same "because the same is contrary to the law and the evidence, and without either to support it."

2. In a non-severable cause of action, where two persons individually as coplaintiffs sue, and as such, after judgment against them, sue out a writ of certiorari, the bond to be given should be signed by both, either in person or by attorney at law, or by a duly constituted agent; and if it is executed by one as the agent of the other, with power to sign the name of the other, the power so to sign must expressly appear.

3. In a suit in a county court, where the amount involved in the case exceeds fifty dollars, and there is no conflict of evidence and no question involved upon which the judge of the superior court could not direct a verdict one way or the other, a question of law only is presented, and the writ of certiorari is the proper remedy for reviewing the judgment of the court.

Submitted March 3,—Decided May 16, 1906.

Certiorari. Before Judge Mitchell. Berrien superior court. June 22, 1906.

Suit was instituted in the county court of Berrien county for the recovery of a certain mare of the alleged value of $85, to which the plaintiffs claimed title. Judgment was rendered for the defendant. The plaintiffs filed their petition for certiorari, and the certiorari bond was signed, "Harwell & Lewis, by S. J. Harwell." The suit was by "S. J. Harwell and J. B. Lewis." On the hearing of the petition for certiorari, the defendant moved to dismiss it, because (1) there was no specific assignment of error; (2) the bond was improperly signed; (3) appeal was the remedy. The motion was sustained generally and the petition was dismissed. The plaintiff excepted.

*R. A. Hendricks,* for plaintiffs. *Alexander & Gary,* for defendant.

ATKINSON, J. 1. The first ground of the motion to dismiss the certiorari was not tenable, for the reason that the petitioners had set forth all of the record and all of the facts which were before

the trial court, and objected to the judgment of the court rendered upon the trial, and assigned error upon the same, on the ground that the judgment was contrary to law and to the evidence and was without either to support it. Under the ruling in the case of *Matthews* v. *Parker,* 124 *Ga.* 144, that was a sufficient assignment of error.

2. The suit was not by partners, but by individuals as coplaintiffs. In this connection, see *Velvin* v. *Austin,* 109 *Ga.* 202. The petition for certiorari was by them as individuals. It was not a severable cause of action, and consequently both were necessary parties to the petition for certiorari. The bond was obligatory, for without it (in the absence of an affidavit in forma pauperis) the proceeding would have been void. Civil Code, §4639; *Carpenter* v. *Southern Ry. Co.,* 112 *Ga.* 152; *Wingard* v. *Southern Ry. Co.,* 109 *Ga.* 177. The bond should have been signed by both parties. One of them, J. B. Lewis, did not sign personally or by his attorney at law; the other, S. J. Harwell, attempted to sign for him by signing "Harwell & Lewis, by S. J. Harwell." What authority did he have to do this? There is nothing in the record to disclose that he had any more authority to sign for J. B. Lewis in that way than if he had merely signed "J. B. Lewis, by J. S. Harwell, his agent." But the way in which the bond was signed indicated that Harwell attempted to sign for Lewis as agent. Under the ruling in *Alabama Midland Ry. Co.* v. *Stevens,* 116 *Ga.* 790, such a bond may be signed by a mere agent, provided he "is authorized to represent" the party to be bound. But under the ruling in *Southern Express Co.* v. *Wheeler,* 72 *Ga.* 210, the authority must expressly appear. Indeed it was held in that case that when the signing was done by an attorney in fact, it should be accompanied by the power of attorney. It follows, from what has been said, that a proper bond was not executed, and the court was authorized to dismiss the petition for certiorari, upon this ground. Counsel for plaintiffs in error asserts, in his brief sent to this court, that plaintiffs were in fact copartners, but there is nothing in the pleadings or evidence, or elsewhere in the record, to indicate that they were copartners and that the suit was by them otherwise than as individuals; and however much we would be pleased to treat them as such, we are obliged to deal with the case as disclosed by the record.

3. From the statement of the case, it will be seen that the amount

involved exceeded $50. From the allegations of the petition for certiorari, it appears that the plaintiffs complained of the judgment rendered in the county court, upon the ground that it was contrary to the law and the evidence, and was without either to support it. If the evidence supported the theory that a question of fact was involved in the case, there is no question that appeal would be the exclusive remedy. See *Toole* v. *Edmondson,* 104 *Ga.* 784. But, quoting from the same decision, "If upon considering the entire evidence, whether it be derived from an agreed statement of facts, oral testimony, documents, or other source, it would be proper, if the case were on trial in the superior court, for the judge to direct a verdict, a question of law only would be involved." On the other hand, "if the case presented is such that it would be improper to direct a verdict, questions of fact are certainly involved." Under the facts in this case, there is no dispute whatever between the witnesses; upon all points their testimony is in harmony. Taking the evidence as a whole, it appears, without conflict, that Pitts bought the animal from a third person, with money advanced to him by the plaintiffs, and on the same day delivered to the plaintiffs his promissory note for the amount advanced to him to pay the purchase-money. This note was witnessed by a notary public and recorded in the county of the residence of Pitts, the maker. The defendant, Marshall, did not have actual notice of this transaction, but, before the debt was paid, bought the animal from Pitts and paid him the purchase-price, and, before suit was brought, sold the horse to some other person, and did not have her in his power, custody, or control at the time the suit was instituted. Under these facts, had the case been pending in the superior court, there could have been no issue for the court to submit to a jury. The evidence was harmonious throughout, and the jury could have done nothing except find a verdict in accordance therewith. Consequently it would have been proper for the court to direct a verdict. It follows, therefore, that the court could not have dismissed the petition for certiorari upon the ground that certiorari was not the remedy.

*Judgment affirmed. All the Justices concur.*