## SMITH v. POWELL.

An appeal bond filed with the ordinary and by him transmitted to the superior court, wherein the obligee is the ordinary of the county, is amendable, with the consent of the surety, by substituting for the name of the ordinary that of the appellee.

APRIL 16, 1910.

Appeal.    Before Judge Pendleton.    Fulton superior court. March 27, 1909.

*W. A. Turner, W. G. Post,* and *A. H. Freeman,* for plaintiffs in error.    *C. P. Goree,* contra.

EVANS, P. J.    An appeal was taken from the court of ordinary to the superior court, and the bond filed by the appellant was made payable to the ordinary and his successors in office.    The court refused to allow the appeal bond to be amended by changing the obligee from the ordinary and his successors to the appellee (the security on the bond consenting in writing to the amendment), and dismissed the appeal; and exception is taken to this ruling.    The Civil Code, § 4466, provides that "in all cases in the court of ordinary, the party desiring to appeal, his attorney at law or in fact, shall pay all costs that may have accrued, and give bond and security to the ordinary for such further costs as may accrue by reason of such appeal; this being done, the appeal shall be entered." It was held in *Sims* v. *Walton,* in 111 *Ga.* 866 (36 S. E. 966), that the bond given under this code section should be made payable to the appellee, and not to the ordinary.    The statute declares that an appeal bond, and all other bonds taken under requisition of law in the course of a judicial proceeding, may be amended and new security given, if necessary; and that if the appeal is in forma pauperis, material words omitted by accident or mistake may be supplied by amendment.    Civil Code, §§ 5123, 5124.    Great liberality has been allowed in the amendment of appeal bonds, as

permitted by these code sections. An appeal bond conditioned "for the payment of all costs which may accrue in said case" was allowed amended by substituting therefor the words "for the eventual condemnation-money," as required by the statute. *Seymore* v. *Howard,* 15 *Ga.* 110. An appeal bond given by the appellant in an appeal from a verdict assessing damages, which did not correspond in condition and penalty with the statute, was allowed to be amended. *Selma etc. R. Co.* v. *Gammage,* 63 *Ga.* 604. Section 4466, on the subject of appeals from the court of ordinary, does not in terms state to whom the bond shall be made payable, but declares that the appellant shall give bond and security to the ordinary. The bond, with security, in this case was filed with the ordinary, and by him accepted as a compliance with the statute and transmitted with the other papers to the superior court. The bond is conditioned for the payment of costs, and is payable to the ordinary and his successors; thus indicating that it is not intended as a personal bond to the ordinary as an individual, but to him as an official. Where an appeal is entered in good faith, but the bond is irregularly executed, it may be amended, no harm being done thereby to the opposite party. *Hendrix* v. *Mason,* 70 *Ga.* 523. The naming of the ordinary instead of the appellee as the obligee is but an irregularity, which comes within the scope of the statute providing for amendment of appeal bonds.

Counsel for defendant in error insist, as the bond was not given in the form demanded by the statute, that no appeal had been entered. In support of this contention we are cited to rulings that where a codefendant, or one already bound by the judgment sought to be appealed from, signs the appeal bond as surety, such bond is a nullity, and can not be amended by the addition of a surety. These cases are totally dissimilar to the case at bar. The statute provides that the appeal shall consist of paying the cost and giving a bond and security. If no security has been given, the appellant does not comply with the statute, and therefore no appeal has been legally entered. The failure to give any security at all is something more than an irregularity; it is a total omission to comply with the statute; but where the unsuccessful party tenders to the ordinary a bond, identifying the case, and conditioned in terms of the statute providing for appeals, and signed by a surety, the mistake in making the bond payable to a particular obligee is but an

irregularity. The appellant in this case not only offered to amend, but submitted the written consent of the security on the bond to such amendment; and we think the court should have allowed the amendment. See, in this connection, *Gelders* v. *Mathews,* 6 *Ga. App.* 144 (64 S. E. 576).

> *Judgment reversed. All the Justices concur.*