### 3146. ANDERSON *v.* SOUTHERN RAILWAY CO.

Where the surety on a certiorari bond is a corporation, and its signature is made by one who purports to be an attorney in fact for the corporation, the certiorari is subject to dismissal, unless the bond is accompanied by a power of attorney, showing the authority of the attorney in fact to execute it on behalf of the surety corporation.

DECIDED APRIL 11, 1911.

Certiorari; from Fulton superior court—Judge Pendleton. November 19, 1910.

*Hewlett & Dennis,* for plaintiff.
*Edgar A. Neely,* for defendant.

POWELL, J. The Southern Railway Company, having lost a case in a justice's court, sought certiorari, and gave a certiorari bond, tendering the Illinois Surety Company as security. The bond

was signed as follows: "Southern Railway Company, by its Atty., Edgar A. Neely [L. S.], Principal. Illinois Surety Company, by E. A. Neely [L. S.], Agent and Atty. in fact [Seal], Security."

It is stated that the seal following the signature of the Illinois Surety Company is an impression of the corporate seal, but this makes no difference; for, as has been pointed out in a number of cases, a scroll, when adopted for the nonce by one acting for a corporation, stands just as if it were the impression seal of the corporation. See *New York Life Ins. Co.* v. *Rhodes,* 4 *Ga. App.* 25 (60 S. E. 828). It was held in *Harwell* v. *Marshall,* 125 *Ga.* 451 (54 S. E. 93), that, where a certiorari bond was signed in the name of one person by another, the authority of the latter to sign for the former should appear. It is true that, as has been held in the case of *New York Life Ins. Co.* v. *Rhodes,* supra, and in several other cases, where one of the signers of the bond is a corporation, and the person purporting to sign it for the corporation shows by his signature that he is an officer or agent of the corporation, and the corporate seal, or any other device adopted in lieu of the corporate seal, is attached, the authority of the agent to sign the corporate name will be prima facie presumed; but, as was pointed out in the case of *Harwell* v. *Marshall,* supra, the Supreme Court held in *Southern Express Co.* v. *Wheeler,* 72 *Ga.* 210, that, where the signing was done by an attorney in fact, the signature should be accompanied by the power of attorney. Following these cases, this court held, in *Foley* v. *Bell,* 4 *Ga. App.* 447 (61 S. E. 856), that where the surety on a certiorari bond was a corporation, and its signature, although accompanied by an impression of the corporate seal, was made by one who purported to be an attorney in fact, the bond was not sufficient, in the absence of the power of attorney.

In this case a distinction is asserted, because Mr. Neely, in signing the bond for the Illinois Surety Company, designated himself as "agent and attorney in fact." We can not see how this changes the matter. Every attorney in fact is an agent; indeed, an attorney in fact is merely an agent whose authority has been expressed in writing. The reason why the power of attorney must accompany the bond, when the signature is affixed by an attorney in fact, is that the writing itself is the highest and best evidence of the scope of the agent's authority. Though an agent have both oral and written authority to sign a bond, he should, nevertheless, attach

his written authority. We recognize the inconvenience of requiring the attorneys in fact of surety companies to attach their powers of attorney to all of the different bonds which they may sign on behalf of their respective companies; but the rule seems to be well established that they must do so.

It follows that the court erred in not dismissing the certiorari.

*Judgment reversed*