3164. GEORGIA, FLORIDA & ALABAMA RAILWAY CO.
v. PENN· TOBACCO CO.

1. An appeal bond may be amended by correcting a misnomer in the initials of the appellee, and by inserting the name of the usee in the body of the bond after the name of the formal party to the case.

2. Where an appeal from a justice's court shows that a judgment has been rendered therein with which the appellant is dissatisfied, the Civil Code (1910), § 4738, is substantially complied with. The appeal need not set forth the judgment.

DECIDED OCTOBER 23, 1911.

Appeal; from Calhoun superior court—Judge Frank Park. December 7, 1910.

*Calhoun & Rambo,* for plaintiff in error.

*Smith & Miller,* contra.

RUSSELL, J. The only question in this case is whether an appeal from a justice's court to a jury in the superior court should have been dismissed for alleged defects in the bond. The bond was as follows:

"Georgia, Calhoun County. R. J. Penn Tobacco Co., for the use of Eufaula Gro. Co., v. Georgia, Florida & Alabama Railway Company. In Justice Court, 1,316th district, G. M., Calhoun county. The above-named defendant, Georgia, Florida & Alabama Railway Company, being dissatisfied with said judgment and having paid the cost, now, within the time allowed by law, enters an appeal from said judgment to a jury in the superior court of said county, and tenders B. H. Askew as his security upon this appeal bond. And thereupon said Georgia, Florida & Alabama Railway Company, and said B. H. Askew as security, hereby acknowledge themselves jointly and severally bound, and bind their heirs, executors, administrators, and assigns, to said R. J. Penn Tobacco Co., for the eventual condemnation money in said case, whatever it may be. Witness our hands and seals, this 12th day of October, 1910. [Signed] Georgia, Florida & Alabama Railway Company [L. S.], by its attorneys at law, Calhoun & Rambo. [L. S.]    B. H. Askew Sr., Security.  [L. S.]

"Attested and approved by James R. Strickland, J. P."

1. The tobacco company moved to dismiss the appeal because it was named in the bond as the "R. J. Penn Tobacco Co.," whereas its right name is the "F. R. Penn Tobacco Co.," as appears from the original summons in the case, and also because the usee was not named in the body of the bond. The clerical error in the initials was a mere misnomer, and was amendable. Civil Code (1910), §§ 5686, 5687; *Chappell* v. *Smith,* 17 *Ga.* 68; *Murphy* v. *Peabody,* 63 *Ga.* 522. The usee not being a formal party to the case, it would

seem to be unnecessary to insert its name in the body of the bond; but, irrespective of that, this defect was amendable. See *Smith* v. *Jackson*, 122 Ga. 857 (50 S. E. 930) ; *Hayes* v. *Eubanks*, 125 Ga. 349 (54 S. E. 174).

2. It is further contended that the appeal was rightly dismissed because it did not appear that any judgment had been rendered from which an appeal could be entered. It appears, from the recitals of the appeal and bond, that a judgment had been rendered in the justice's court, with which the appellant was dissatisfied; and we think this is sufficient. Civil Code (1910), § 4738.

*Judgment reversed.*