### 6511. SHERMAN *et al. v.* MORRIS, for use, etc.

WADE, J. 1. Suit on a forthcoming bond was brought in the justice's court, in the name of another person, for the use of the plaintiffs, and an appeal was thereafter taken to the superior court by the defendants. The appeal bond was by its terms payable to the usees, and not to the person in whose name the action was proceeding. No attempt was made to amend the bond, and, on motion of the appellee, the appeal was dismissed.

(*a*) Appeal bonds are amendable in any respect, where the amendment does not prejudice the opposite party. Civil Code, § 5707; *Gittens* v. *Whelchel,* 12 *Ga. App.* 141 (76 S. E. 1051). A replevy bond given on filing an affidavit of illegality is amendable by changing the obligee and the condition, to make the bond conform to statute. *Gelders* v. *Mathews,* 6 *Ga. App.* 144 (64 S. E. 576). See also *Head* v *Marietta Guano Co.,* 124 *Ga.* 983 (5) (53 S. E. 676); *Smith* v. *Powell,* 134 Ga. 356 (67 S. E. 936).

(*b*) The nominal plaintiff is entitled to the protection afforded by an appeal bond for the eventual condemnation money, in the event of final judgment in his favor; and the bond, being a statutory bond, should either comply strictly with the statutory requirements or be amended to meet such requirements.

2. The court did not err in sustaining the motion to dismiss, for the reason that no eventual condemnation bond payable to the opposite party was given by the appellants.        *Judgment affirmed.*

DECIDED JANUARY 7, 1916.

Appeal; from Cobb superior court—Judge Patterson. March 11, 1915.

*H. B. Moss, J. E. Mozley,* for plaintiffs in error. *C. H. Griffin, O. H. Langford,* contra.