BARLEY *et al. v.* HORTON, ordinary.

McKINNEY *v.* HORTON, ordinary.

1. Where an appeal was entered to the judgment of the court of ordinary, the accrued costs paid, and bond filed in time and received and approved by the ordinary, no objection being raised to the bond at the time, the appeal should have been transmitted to the superior court; and the ordinary was not authorized to refuse to transmit the appeal merely on the ground that the bond was payable to the ordinary instead of to the appellee. Such irregularity in the bond could have been amended in the superior court, by the sureties consenting thereto.

2. Where a petition was filed, the fact that the court required certain amendments and the petitioner yielded to the requirement and made the amendments is not good ground of exception to the judgment of the court subsequently denying the application. If the petitioner was of the opinion that his petition was sufficient without amendments, he should have stood upon it as originally drawn, and he could then have excepted to any adverse judgment affecting his rights under the petition as it was written before amendment. *Farrer* v. *Edwards,* 144 *Ga.* 553 (87 S. E. 777).

3. Where an attorney at law signed the name of his principal to a bond and inadvertently or erroneously subscribed a name containing a wrong middle initial, such error could be cured by amendment.

Nos. 1423, 1424. DECEMBER 11, 1919.

Petition for mandamus. Before Judge Gower. Ben Hill superior court. April 18, 1919.

*J. W. Haygood,* for plaintiffs.

*D. E. Griffin* and *A. J. McDonald,* for defendant.

BECK, P. J. These two cases were argued together, and the principal question involved is the same in both cases.

Louise Barley and others, plaintiffs in the one case, and W. C. McKinney, plaintiff in the other, filed their application for mandamus against J. B. Horton, ordinary of Ben Hill county, to compel him to transmit the papers in a certain case alleged in their application to have been tried in the court of ordinary of Ben Hill county. The issues involved in the cases were appealable. The appeal was filed in time, the accrued costs were paid, and a bond approved by the ordinary was filed in time; but the bond was payable to the ordinary instead of to the appellee. The court refused the mandamus and dismissed the application.

There was no controversy as to the facts involved, and the court under the uncontroverted facts appearing in the record should have granted the mandamus. It is true that the bond should have

been made payable to the appellee instead of to the ordinary. Section 5011 of the Civil Code provides that in all cases in the court of ordinary the party desiring to appeal, his attorney at law or in fact, shall pay all costs that may have accrued and give bond as security to the ordinary for such further costs as may accrue by reason of such appeal; this being done the appeal shall be entered. In the case of *Sims* v. *Wallon,* 111 *Ga.* 866 (36 S. E. 966), it was said: "The meaning of the phrase, 'give bond and security to the ordinary for such further costs as may accrue by reason of such appeal,' appearing in Civil Code [1895], § 4466 [Code of 1910, § 5011], is that the bond required shall be deposited by the appellant with the ordinary. It does not mean that the bond shall be made payable to that official; for the proper obligee is the appellee. *Hogg* v. *Mobley,* 8 *Ga.* 256." If the ordinary had objected to receiving the bond naming himself as obligee instead of naming the appellee, his position would have been sound, and he would have been sustained in it and not have been compelled by mandamus to transmit the paper until proper bond was tendered. But where he accepted a bond payable as this was, the bond was not invalid, and was amendable in the superior court, and the ordinary should have transmitted the papers to that court, where, upon motion to dismiss or other proper exception to the bond, the appellant might have been required either to amend the bond or have his case summarily dismissed. His right to amend, his sureties consenting thereto, or, if they objected, upon his obtaining other sufficient sureties, seems plain. In the case of *Smith* v. *Powell,* 134 *Ga.* 356 (67 S. E. 936), an appeal was taken from the court of ordinary to the superior court, and the bond filed by the appellant was made payable to the ordinary and his successors in office. The court refused to allow the appeal bond to be amended by changing the obligee from the ordinary and his successors to the appellee (the security on the bond agreeing in writing to the amendment), and dismissed the appeal. Exception was taken to this ruling, and the case was brought here for review. In the opinion in that case it was said: "Counsel for defendant in error insist, as the bond was not given in the form demanded by the statute, that no appeal had been entered. In support of this contention we are cited to rulings that where a codefendant, or one already bound by the judgment sought to be appealed from, signs

the appeal bond as surety, such bond is a nullity, and can not be amended by the addition of a surety. These cases are totally dissimilar to the case at bar. The statute provides that the appeal shall consist of paying the cost and giving a bond and security. If no security has been given, the appellant does not comply with the statute, and therefore no appeal has been legally entered. The failure to give any security at all is something more than an irregularity; it is a total omission to comply with the statute; but where the unsuccessful party tenders to the ordinary a bond. identifying the case, and conditioned in terms of the statute providing for appeals, and signed by a surety, the mistake in making the bond payable to a particular obligee is but an irregularity. The appellant in this case not only offered to amend, but submitted the written consent of the security on the bond to such amendment; and we think the court should have allowed the amendment. See, in this connection, *Gelders* v. *Mathews,* 6 *Ga. App.* 144 (64 S. E. 576)." Other cases to support this position might be cited, but we deem the further citation of authorities unnecessary.

2, 3. The rulings in headnotes 2 and 3 require no elaboration.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*