22386.   GLEASON *v.* BURGESS, for use, etc.

DECIDED FEBRUARY 3, 1933.   REHEARING DENIED MARCH 4, 1933.

*R. D. Feagin,* for plaintiff in error.   *J. J. McCreary,* contra.

BROYLES, C. J.   ■   There is no merit in the motion (made in the brief of counsel for the defendant in error) to dismiss the writ of error on the ground that the bill of exceptions contains no specific assignments of error.   The bill of exceptions contains specific assignments of error, and the motion to dismiss is denied.

■   On the hearing the defendant in certiorari made a timely motion to dismiss the writ, upon the ground that there was no proper and legal certiorari bond given by the plaintiff in certiorari, as required by law.   This motion was overruled, and that judgment is assigned as error in the bill of exceptions.   The Civil Code (1910), § 5185, provides as follows:   "Before any writ of certiorari shall issue,   . .   the party applying for the same, his agent, or attorney, shall give bond and good *security,* conditioned to pay the adverse party in the cause the eventual condemnation money, together with all future costs,   . .   which bond   . .   shall be filed with the petition for certiorari, and the *security* on said bond shall be liable as securities on appeal."   (Italics ours.)   In the instant case, as shown by the record, the bond given by the plaintiff in certiorari was not signed by any person or corporation as *surety,* the only signature thereto being that of the principal (the plaintiff in certiorari).   It is obvious that the bond given was not the bond required by law; and as a certiorari bond is not amendable, the judge of the superior court erred in refusing to dismiss the certiorari; and that error rendered the further proceedings in the case nugatory.   See *Camp* v. *Bacon Fruit Co.,* 117 *Ga.* 149 (43 S. E. 425); *Harwell* v. *Marshall,* 125 *Ga.* 451 (2) (54 S. E. 93).

*Judgment reversed.   MacIntyre and Guerry, JJ., concur.*

ON MOTION FOR REHEARING.

BROYLES, C. J.   1.   The contention in the motion for a rehearing, that the trial judge's approval of a certiorari bond is a final adjudication that can not be reviewed by a judge of the superior court, on a motion to dismiss the certiorari upon the ground that the bond given is not the bond required by law, is obviously untenable.

2. The second paragraph of our decision, as originally written, has been changed to some extent, but without altering the conclusion that the bond given was not the one required by the Civil Code, § 5185.

3. Upon a careful consideration of all the grounds of the motion for a rehearing, it is our opinion that none of them shows cause for a rehearing of the case.

*Rehearing denied. MacIntyre and Guerry, JJ., concur.*