31278.   HUNTER *v.* LANIER.

DECIDED JUNE 26, 1946.   REHEARING DENIED JULY 25, 1946.

Rosser & Rosser, James Maddox, for plaintiff.

G. W. Langford, S. W. Fariss, for defendant.

PARKER, J. The Code, § 6-204, provides for appeals from the court of ordinary to the superior court as follows: "In all cases in the court of ordinary, the party desiring to appeal, his attorney at law or in fact, shall pay all costs that may have accrued, and give bond and security to the ordinary for such further costs as may accrue by reason of such appeal; this being done, the appeal shall be entered." The Code, § 6-106, states that "An appeal bond may be amended and new security given if necessary," and § 81-1204 provides that "All bonds taken under requisition of law in the course of a judicial proceeding may be amended and new security given if necessary."

Where an appellant and his security signed their names upon the minutes of the court, for the clerk to write the bond above, and he failed to do so, the appeal from the ruling of the court of ordinary was good, and the court was right in refusing to dismiss it and in allowing the omission to be supplied by parol. *Hooks* v. *Stamper,* 18 *Ga.* 471. "In an appeal from the court of ordinary, the appellant deposited with the ordinary sufficient money to pay any future costs that might accrue in the case. *Held,* that if this appeal was not sufficient as it stood, it was amendable." *Hill* v. *Hudspeth,* 22 *Ga.* 621. The "general law in regard to amendments pervades our entire system of jurisprudence, and will be applied to all appeal papers where the party in good faith enters an appeal though irregular, and no harm has resulted to the other party." *Selma, Rome & Dalton R. Co.* v. *Gammage,* 63 *Ga.* 604, 607. Where an attorney in fact signed his principal's name as the appellant, by himself as attorney, on an appeal bond, it being his intention to sign his name as security, the bond was amendable. *Hendrix & McBurney* v. *Mason,* 70 *Ga.* 523. In the body of the decision, on page 527, the court said: "There was no error in allowing the appeal bond to be amended, or in ruling that it might be done. They are always amendable. . . The only exception

is, if the appeal be entered in good faith, however irregularly, that no harm is done the other party." An appeal bond was amendable so as to prevent a dismissal of the appeal, although it was not signed by the person who was named therein as security, and who acknowledged himself bound to the plaintiff, but was signed by the principal and another person as security. *McDermid* v. *Judge*, 122 *Ga*. 28 (49 S. E. 800). A bond given to appeal a case from the ordinary's court to the superior court, naming the parties, the character of the case, the judgment of the court, and the term at which it was rendered, the appellant and his security acknowledging themselves bound generally, but not to any named obligee, for the eventual costs of the case, is a substantial compliance with the statute, and the court erred in dismissing the appeal. *Smith* v. *Jackson*, 122 *Ga*. 856 (50 S. E. 930). An appeal bond was sufficient, although the justice's court in which the suit originated was not stated, and the appeal was entered "to the superior court" without designating the county in which it was situated or otherwise indicating to what court the appeal was entered. *Hays* v. *Eubanks*, 125 *Ga*. 349 (54 S. E. 174). An appeal bond is amendable by changing the name of the obligee therein. *Smith* v. *Powell*, 134 *Ga*. 356 (67 S. E. 936); *Barley* v. *Horton*, 149 *Ga*. 605 (101 S. E. 680). "An appeal bond may be amended by correcting a misnomer in the initials of the appellee, and by inserting the name of the usee in the body of the bond after the name of the formal party to the case." *Ga. Fla. & Ala. Ry. Co.* v. *Penn Tobacco Co.*, 9 *Ga. App.* 840 (72 S. E. 443). "Appeal bonds are amendable in any respect, where the amendment does not prejudice the opposite party." *Gittens* v. *Whelchel*, 12 *Ga. App.* 141 (76 S. E. 1051); *Sherman* v. *Morris*, 17 *Ga. App.* 446 (87 S. E. 709).

The objection to the bond in this case was that it was not accompanied by the power of attorney under which it was signed for the surety company. There was no objection to the form of the bond or to anything except the failure to attach the power of attorney. It has been held that a certiorari bond, where the surety is a corporation, signed by an attorney in fact for the surety, must be accompanied by the power of attorney. See *Anderson* v. *Southern Ry. Co.*, 9 *Ga. App.* 199 (70 S. E. 983), *Seaboard Air-Line Ry.* v. *Rosenbusch*, 12 *Ga. App.* 154 (76 S. E. 1041), *Southern Express Co.* v. *Wheeler*, 72 *Ga*. 210, and *Harwell* v. *Marshall*, 125

*Ga.* 451 (54 S. E. 93). The defendant in error seems to rely on these cases dealing with certioraris as authority to support the contention that an appeal bond signed by an attorney in fact must be accompanied by the power of attorney. We do not think that the rule applied in certiorari cases is applicable to appeals from the court of ordinary. In the first place, the bonds are different. The appeal bond is security only for "such further costs as may accrue" by reason of the appeal, whereas a certiorari bond is for "the eventual condemnation money, together with all further costs." Code, §§ 6-204, 19-206. Furthermore, generally speaking, the right of appeal presupposes an issue of fact to be tried by a jury, whereas certiorari is the proper remedy to correct errors of law. See *Small* v. *Sparks,* 69 *Ga.* 745; *Rogers* v. *Bennett,* 78 *Ga.* 707 (3 S. E. 660). Another distinction between an appeal and a certiorari is that the bond in an appeal is amendable, as pointed out in the Code sections and cases above cited; but it has been held that the bond in a certiorari is not amendable. See *Gleason* v. *Burgess,* 46 *Ga. App.* 487 (167 S. E. 916), and citations. As was said by this court in *Simpkins* v. *Johnson,* 3 *Ga. App.* 437 (60 S. E. 202), neither § 6-106 nor § 81-1204 of the Code of 1933, which were included in § 5123 of the Code of 1895, "can, by any construction, be held to apply to certiorari, which is an entirely different proceeding from an appeal."

We do not think, therefore, that the rule requiring the power of attorney to accompany a certiorari bond executed by an attorney in fact, where the surety is a corporation, is applicable to appeals generally or appeals from the court of ordinary. We have found no case in point holding otherwise. *Maddox* v. *Waldrop,* 60 *Ga. App.* 702 (4 S. E. 2d, 684), is relied on by the defendant in error. The facts there distinguish it clearly from the case at bar. It appeared in that case that the power of attorney was attached to the bond, but it showed on its face that the attorney in fact was without authority to execute the bond signed by him. The *Maddox* case quotes at length from the case of *Chapple* v. *Tucker,* 110 *Ga.* 467 (35 S. E. 643), but the latter too is easily distinguishable on its facts from the case at bar. The bond therein was objected to because one of the sureties who signed it was not named in the body of the bond, and because it was not approved by the judge of the court from which the appeal was taken. While the question

involved in the *Maddox* case was not at all like the one in the case at bar, a general rule which is applicable here was stated as follows: "Where a bond is not a mere nullity, but simply is deficient or irregular, the right of amendment is very broad, and if exercised, will save the appeal from dismissal if otherwise good."

There is a line of cases dealing with appeal bonds which hold that an appeal may be dismissed where the bond is without security or without lawful security. Such a bond is held to be a nullity and an appeal based thereon is subject to dismissal. This principle has been applied in cases where a codefendant as the only security signs the appeal bond, as in *Benson* v. *Shines,* 107 *Ga.* 406 (2) (33 S. E. 439) ; and where the sole security on the appeal is the same security who signed the executor's bond (he being the appellant), as in *Samples* v. *Samples,* 194 *Ga.* 383 (21 S. E. 2d, 601). The general rule applied in those cases is that "one can not in effect become his own surety, where the law requires him to give a bond; and by an extension of the principle, that, where one has already become a surety on a bond required to be given in the progress of a case and from a judgment, the result of which is to fix liability upon him along with his principal, an appeal is taken, he can not become surety on the appeal bond." See *Levin* v. *American Furniture Co.,* 133 *Ga.* 670, 674 (66 S. E. 888), and citations. It seems clear that the rule permitting the dismissal of an appeal bond as a nullity, where the appellant has in effect become his own surety, as applied in the cases last cited above, has no application to the case at bar.

We see from the foregoing discussion and citations the liberality of the law in allowing amendments to appeal bonds, and the distinctions and differences between an appeal bond and a certiorari bond, the former being amendable while the latter is not, and why the rule that the power of attorney of an attorney in fact signing for a corporation must be attached to a certiorari bond should not be applied to an appeal bond. It seems that the only instances where appeal bonds have been held to be nullities and not amendable are in those cases where the appellant in effect became his own surety. The general scope and range of the cases cited indicate that in all other instances an appeal bond is not a nullity and is amendable. If the bond executed by the attorney in fact for his principal in this case was actually authorized by a power

of attorney then in existence, the surety company was liable on the bond regardless of whether the attorney in fact attached a copy of his authority to the bond. After all, the power of attorney was merely the evidence of his authority. As was said in *Anderson* v. *Southern Ry. Co.,* 9 *Ga. App.* 199 (supra), "The reason why the power of attorney must accompany the bond, when the signature is affixed by an attorney in fact, is that the writing itself is the highest and best evidence of the scope of the agent's authority." This means merely that the power of attorney itself is the highest and best evidence of what it contains, but does not mean that proof of such authority may not be made in other ways. We conclude that the failure to attach the power of attorney to the bond in the instant case, the same being, not a certiorari bond, but an appeal bond, which is ordinarily and generally amendable, was an irregularity or defect that could be cured by an amendment. The appellant's amendment attaching a certified copy of the original power of attorney, which was alleged to be on record in the clerk's office of the county, and showing that the same was in full force and effect—never having been cancelled or revoked—and offering to show otherwise by sworn testimony that the power of attorney was in existence and that the attorney in fact was authorized to execute the bond, should have been allowed. It follows that the court erred in disallowing the amendment and in dismissing the appeal.

*Judgment reversed.   Sutton, P. J., concurs.   Felton, J., concurs in the judgment.*

### ON MOTION FOR REHEARING.

The defendant in error says in her motion for rehearing that this court overlooked certain objections made by her counsel to the amendment offered by the plaintiff in error, in which she endeavored to attach a copy of the power of attorney to the appeal bond and to show that it was in force when the bond was signed. The first of these objections was that the power of attorney limited the authority of the agent, making it impossible for him to execute a valid cost bond, because of the provision therein that the liability of the company as surety in no one instance should exceed $25,000. We do not think that this limitation invalidated the power of attorney. Where the appellant deposited with the ordinary "sufficient money (the amount not appearing) to pay

any future costs that might accrue in the case," it was held that, if the appeal was not sufficient, it was amendable. *Hill* v. *Hudspeth, 22 Ga.* 621 (supra). Furthermore, if the security on an appeal bond is insufficient, the appellee has a remedy whereby the security may be strengthened under the Code, § 24-3301, which provides that, if exceptions to the security on appeal are sustained, "other and good security shall be given or the appeal shall be dismissed."

The second objection to the amendment was upon the ground that the power of attorney stated that it was subject to revocation, and there was no showing that it had not been revoked at the time the bond was signed by the agent. This objection was without merit, because whether or not the power of attorney had been revoked was defensive matter, and in the absence of a showing of a revocation, the power of attorney was presumed to be in force. Furthermore, the appellant offered to prove by oral testimony that the signer of the bond was the agent of the surety company, and that the power of attorney under which he acted was in full force and effect when the bond was signed.

The next objection to the amendment was on the ground that at the time the bond was signed there was another power of attorney outstanding, which revoked the authority of the agent to execute cost bonds for his principal. This too was matter of defense, and did not constitute a valid objection to the amendment seeking to attach a certified copy of the power of attorney to the appeal bond. The evidence offered by the appellant, in connection with the amendment showing that the power of attorney was in force when the bond was signed, applies to this objection also.

For the reasons stated in the opinion, the other contentions urged in grounds 2 and 3 of the motion for rehearing are not meritorious and do not require further consideration or elaboration. *Rehearing denied. Sutton, P. J., and Felton, J., concur.*