31446. AUSMUS *v.* STEVENS *et al.*

DECIDED DECEMBER 4, 1946.

598

*Mitchell & Mitchell, Walter H. Bolling,* for plaintiff in error.

FELTON, J. "An appeal bond may be amended and new security given if necessary." Code, § 6-106. In *Whitson v. McNutt & Co., 26 Ga. App.* 281 (105 S. E. 681), the court stated: "In some of the decisions our courts have gone far indeed in allowing the perfection by amendment of all sorts of instruments into appellate bonds." In that case there was an appeal but no bond in terms. The appeal, however, was signed by the appellant and a security. The court held that the appeal was amendable, but reversed the case

because there was no offer to amend. The appeal and bond were held amendable in *Shirley* v. *Price,* 30 *Ga.* 328, where there was simply an entry on the minutes of the court that the defendant had paid the costs, and "I stand security on the appeal of the above-stated case." (Signed, "Beverly Shirley.") The naming of the ordinary as obligee in a bond has been held an amendable irregularity. *Smith* v. *Powell,* 134 *Ga.* 356 (67 S. E. 936). It was held in *Hooks* v. *Stamper,* 18 *Ga.* 471, that where the appellant and his security signed their names on the minutes of the court for the clerk to write the bond above, and he failed to do so, the signatures constituted a good appeal, and that the omission could be supplied at any time. In *Hill* v. *Hudspeth,* 22 *Ga.* 621, it was held that a mere deposit of money to cover future costs could be amended. Finally, in *Gittens* v. *Whelchel,* 12 *Ga. App.* 141 (76 S. E. 1051), it was held that an appeal bond was properly allowed to be amended by changing the caption of the appeal so as to make the obligee the garnishee (appellee) in the case rather than the defendant. There is little distinction between the facts of that case and the one at bar. The case of *Head* v. *Marietta Guano Co.,* 124 *Ga.* 983 (53 S. E. 676), is clearly distinguishable. There the real party did not file an appeal within time. Clearly he could not be allowed to do so by circumlocution after the time had expired.

Under the foregoing rulings, the court did not err in allowing the bond to be amended, and in refusing to dismiss the appeal.

*Judgment affirmed. Sutton, P. J., and Parker, J., concur.*