56  311
101  127

56  311
127  165

Moses G. Renew, plaintiff in error, *vs.* Robert J. Redding assignee, defendant in error.

1. Where the affidavit upon which a distress warrant was based, alleged that the defendant was indebted to the plaintiff $1,232 50 for rent, and the evidence was to the effect that the defendant contracted to pay a certain number of bales of cotton, which was shown to be worth the sum aforesaid, there was not such a variance as to require a non-suit.
2. The discretion of the court below in imposing the payment of costs on a party seeking to amend his pleadings, will not be controlled unless abused.
3. Where rent is contracted to be paid in cotton, a distress warrant lies therefor.
4. Notwithstanding errors in the charge of the court, as the verdict did substantial justice, a new trial will not be ordered.

Landlord and tenant. Pleadings. Evidence. Amendment. Costs. Practice in the Superior Court. New trial. Before Judge Clark. Schley Superior Court. October Adjourned Term, 1874.

Reported in the decision.

John R. Worrill; W. A. Hawkins, for plaintiff in error.

Allen Fort; Hudson & Wall, for defendant.

WARNER, Chief Justice.

This was a distress warrant for rent sued out by the plaintiff against the defendant, in which the plaintiff alleged that the defendant was indebted to him the sum of $1,232 50, besides interest, for rent, which was due and unpaid. The defendant filed his counter-affidavit under the statute, and the issue thus formed came on for trial, when the jury found a verdict in favor of the plaintiff for the sum of $827 50. The defendant made a motion for a new trial on the several grounds therein set forth, which was overruled by the court, and the defendant excepted.

It appears from the evidence in the record that on the 12th of December, 1871, the parties entered into a written contract, in which it was stipulated that they were to farm together for the year 1872 on the plantation of the plaintiff, according to the terms and stipulations as therein set forth. It also appears from the evidence that in February or March, 1872, the parties made a new verbal contract in relation to the rent to be paid under the first written contract, whereby the defendant agreed to pay the plaintiff fourteen and one-half bales of cotton for the rent of the land; that the fourteen and one-half bales of cotton, when the distress warrant was taken out in October, 1872, was worth the amount claimed in the distress warrant, which was $1,232 50.

1. One of the errors complained of is, that the court refused to non-suit the plaintiff on motion of defendant, on the ground of variance between the evidence of the plaintiff as a witness, and the allegations in the distress warrant. The allegation in the distress warrant is, that the defendant was indebted to the plaintiff in the sum of $1,232 50, besides interest, for rent. The evidence was that under the new contract made in February or March, the defendant was to pay the plaintiff fourteen and a half bales of cotton for the rent of the land, and that the same was worth the amount distrained for, and the amount distrained for was $1,232 50. There was no

error in overruling the motion for a non-suit on the ground of variance.

Whether the court erred in sustaining the plaintiff's demurrer to the defendant's pleas of recoupment or not, we cannot determine, inasmuch as the pleas are not in the record for our inspection.

2. In relation to the error complained of in refusing to allow the defendant to put in a second amendment to his pleas unless he should pay the costs, the judge certifies that considable delay had occurred during the trial by the defendant's filing a long amendment to his plea called a plea of recoupment, and during the further progress of the trial of the case, another amendment was proposed; the court required the payment of costs as to the second proposed amendment, but not as to the first amendment which had been allowed. This was properly a matter within the discretion of the court, according to the provisions of the 3482d section of the Code, and we will not control the exercise of it in this case, nor in any other, unless there has been a gross and flagrant abuse of that discretion.

3. Whether the plaintiff would have been entitled to his remedy by distress warrant or not, under the original written contract, he was clearly entitled to it under the new contract as proved by the evidence in the record, if the jury believed the plaintiff's evidence. It is true, the evidence was conflicting in relation to that point in the case, but that was a question for the jury.

4. The verdict is $405 00 less than the plaintiff's demand; that is to say, the jury reduced the plaintiff's claim that much, though it is somewhat difficult to see upon what grounds, as the defendant's evidence fails to show what amount he was damaged by the plaintiff's failure to furnish cotton seed, or otherwise; but that is a matter about which the defendant has no cause of complaint. Although there may have been some errors in the charge of the court, still, we think that the verdict did substantial justice between the parties, at least the defendant has no just cause of complaint under the evidence

in the record, and as the court below was satisfied with the verdict we will not interfere to disturb it.

Let the judgment of the court below be affirmed.