TUCKER *vs.* COX.

Where there is an express contract for rent payable in specifics, a distress  warrant lies; and where the value of the specific is subject to fluctuation, and must be  established by proof on the trial, the statement in the distress warrant of the  amount of the specific due, and that it is supposed to be of a particular value, is sufficient.

Landlord and tenant.    Distress warrant.    Pleadings. Before Judge PATE.   Washington Superior Court.   May Adjourned Term, 1880.

Reported in the decision.

H. D. D. TWIGGS; E. S. LANGMADE, for plaintiff in error.

JAMES K. HINES, for defendant.

CRAWFORD, Justice.

D. H. Tucker sued out a distress warrant against G. W. Cox, in which he claimed that the said Cox was "justly indebted to him in the sum of twenty-five hundred and thirteen pounds of lint cotton, for rent for the year 1879, said rent being now due and unpaid, the value of said amount of cotton supposed to be two hundred and seventy-five dollars."

A counter-affidavit was filed denying that any part of the rent distrained for was due, which caused the papers to be returned to the next succeeding term of the superior court for the county, and at which term the defendant demurred to the said affidavit—

1. Because it was insufficient in law.

2. Because no definite value is given to the specifics in which the rent was due.

The court, after argument, sustained the demurrer and dismissed the warrant, to which ruling the plaintiff excepted, and assigned the same as error.

The single question therefore made for this court is the sufficiency of the affidavit. In 40 *Ga.*, 520, it was held that, "Nothing is required by this act (§4082 Code) but that it shall be for rent and due. The statute does not say it shall be by express contract, but simply due. It does not say it shall be for a sum certain, but simply that it shall be due for rent. It is in fact nothing but a mode of commencing a suit for a debt due for rent. .. . . . It appears absurd to insist that the distress can only issue when the rent is for a sum certain, expressly agreed upon. The statute does not so require. It simply says rent due, no matter whether it is a fixed sum or due on a *quantum valebat.*"

In 39 *Ga.*, 14, it was held that "A landlord may collect his rent by a distress warrant, even though the rent is payable in specifics, the value of which is not fixed by the contract."

The view which we take of this case is, that when there is an *express contract* for rent between the parties, payable in specifics, a distress lies, and where the value of that specific is subject to fluctuation, and must be established by proof on the trial, that in such a case the language used by the plaintiff in his affidavit is sufficiently definite and certain to authorize a distress warrant to issue.

The ruling of the court was therefore erroneous and must be reversed.

Judgment reversed.