### 983. BRINSON *v.* CHANDLER.

1. A distress warrant is amendable under the same rules and to the same extent as a declaration or petition in a suit. But a distress warrant sued out for the rent of a described tract of land for the year 1907 is not amendable by substituting therefor rent due for three different tracts of land for the year 1906. The original distress warrant may, even by unnecessary averments, clearly show that the proposed amendment sets up a new and distinct cause of action.

2. "The contents of an amendment, as compared with what is already in the declaration, may tend to show, either that the plaintiff is endeavoring to follow up a cause of action, or supposed cause, which he had in view when the declaration was prepared and filed, or, that having since discovered that no such cause exists or is maintainable, he has concluded to shift his ground and bring in surreptitiously a new and distinct cause of action. *Ellison* v. *Ga. R. Co.,* 87 *Ga.* 708 (13 S. E. 809)."

3. There was no error in directing the verdict.

Distraint, from city court of Waynesboro—Judge Johnston. November 6, 1907.

Submitted March 11,—Decided March 16, 1908.

*Lawson & Scales,* for plaintiff.

*H. J. Fullbright,* for defendant.

RUSSELL, J. Chandler gave a rent note to his landlord, Mrs. Mattie E. Brinson, on January 14, 1907, payable October 15, 1907, reciting that it·was for the payment of the balance of the rent for the year 1906, for a farm known as the "burnt house place." It appears that Chandler was unable to pay the rent for .1906, and this note was given to obtain an extension. The description of the premises, for the rent of which the note was given, was written by Chandler. Chandler continued as a tenant of Mrs. Brinson's in the year 1907 and paid the rent in full for that year. On September 23, 1907, Mrs. Brinson sued out a distress warrant, which was levied upon certain growing crops which had been raised by Chandler. . The distress warrant issued for rent of land on the Brinson home tract for the year 1907, and was for the sum of $216.68. The defendant filed a counter-affidavit, in which he averred that he was not indebted to the plaintiff for rent as alleged in said affidavit of foreclosure, or any part thereof.

According to the testimony of the plaintiff, the note above referred to was for $261.48, and was made up of a balance of $16.20, rent of Adam Ellison on the "boggy cut place" for 1906, and of $110.30, balance of Willie Bell's rent on the "Jackson place," and $135, rent for gin-house and land around it on the "burnt house place," known as the "Brinson home place," each item being for rent for 1906; and the plaintiff's own testimony showed that the rent for 1907 was embodied in another note, which had been fully paid. The testimony of the defendant did not differ materially from the evidence offered in behalf of the plaintiff. He testified that no part of the note offered in evidence was for rent for the year 1907. He differed somewhat in his testimony from the evidence given by the witnesses for the plaintiff, as to the items which constituted the consideration of the note, but admitted owing the note for the rent for 1906. It was stated in the note itself, which was introduced in evidence, that it was given for balance on rent for 1906. The defendant moved the court to direct a verdict in his favor. Thereupon, the plaintiff moved to amend her distress warrant as follows: "That said H. H. Chandler was due and owing to M. E. Brinson, for balance of land rent for the year 1906, on the boggy cut place to the extent of $16.20; on the Willie Bell place to the extent of $110.30; and for the gin-house, land, and store on the burnt house place to the extent of $135, making the amount

claimed, for the rent distrained for, $261.48." The court declined to allow the amendment, and directed a verdict in favor of the defendant; and exception is taken to both of these rulings.

1. We think the court properly declined to allow the amendment. As liberal as we have been in Georgia in the allowance of amendments, it has always been held to be improper to allow an amendment setting up an entirely new and distinct cause of action. If the trial judge had allowed the amendment in the present case, there would have been nothing in common between the original cause of action and the new cause of action proposed by the amendment, except that the parties were identical. The distress warrant was sworn out for a certain amount of rent, to wit, $216.68, due for the year 1907; the proposed amendment was for $261.48, for rent for the year 1906. The distress warrant was for rent of one tract of land; the proposed amendment was for the unpaid balance on three tracts of land. It seems to us that a distress warrant sworn out for the rent for 1907, regardless of the description of the land, constituted a complete cause of action, necessarily distinct from any other cause of action; and when it was not only proved, but admitted, that the rent for 1907 had been paid, there was no alternative except a verdict for the defendant, and in that state of the case it was not error for the judge to direct a verdict. It can not be held, as insisted by counsel for the plaintiff in error, that she was legally entitled to recover under the law, because the only question was whether or not the defendant was due the *rent* to her, and that it is immaterial for what year the rent is due. A distress warrant is amendable to the same extent as a petition in an original suit would be amendable. We hardly think, however, that it would be seriously contended, if A claimed that B owed him two notes for borrowed money, and brought suit on one note, that A would then be permitted to strike the suit on the first note and insert, by amendment, a cause of action dependent upon the second note, unless B consented to the amendment. And yet both notes would be for borrowed money. The cause of action set forth by the plaintiff's affidavit was not only for 1907, instead of 1906, but was for the rent of a particular place described in the affidavit, whereas the proposed amendment, as before stated, was for the rent of three places. The fact that the defendant wrongly described the premises for which the rent for 1906 was due was not

material to the issue then before the court. In a proceeding by distress warrant, the issue is formed by the counter-affidavit; and the only issue before the court was whether the defendant owed rent for 1907 as alleged. To have reformed the note given for 1906, so as to make it speak the truth of the transaction as contended by the plaintiff in error, would not be within the jurisdiction of the court before which the distress warrant was pending.

Counsel for the plaintiff in error insists that Chandler is estopped by his written contract and conduct from complaining, and that the evidence demanded a verdict for the plaintiff, with or without the amendment. This principle, if applicable, can properly be raised in a proceeding to question the note given for 1906, but even the fact that the defendant may have been guilty of a fraud as to that note would not justify, even as against him, the substitution of one cause of action for another. Every defendant has the right to be apprised of what he is called upon to meet in court, and to be given a reasonable opportunity to prepare his defense thereto.

2. It has been held that it is not necessary to specify the particular premises out of which the rent arises, or the time when the rent became due, but if the premises *are* stated, and the time when the rent is due *is given*, to identify the transaction, and it is thus identified, a suit upon another transaction can not be substituted for the distinct cause of action thus identified. The identification might not be necessary (*Driver* v. *Maxwell,* 56 *Ga.* 12; *Renew* v. *Redding,* 56 *Ga.* 311; *Lathrop* v. *Clewis,* 63 *Ga.* 282; *Tucker* v. *Cox,* 65 *Ga.* 700), in order to perfect the description of the transaction, where it does not appear that there was more than one transaction between the same parties; but where even unnecessary description is employed in setting forth a cause of action, it frequently becomes material, and it may always be used for the purpose of distinguishing the transaction referred to in the pleadings from another and independent transaction which may be sought to be engrafted. Under the rules laid down by Judge Bleckley, in *Ellison* v. *Ga. R. Co.,* 87 *Ga.* 691 (13 S. E. 809), there can be no amendment of the distress warrant in this case, except by the substitution of a new cause of action, because the affidavit and the distress warrant based thereon needed no amendment. They were perfect both in form and substance. The trouble was

that the proof did not fit the case. Where the original action is perfect in every detail, an amendment is allowable to set forth the same cause of action as having arisen in a different manner; but it is not the purpose of amendment to destroy one cause of action and create another in its place. As Judge Bleckley says, amendments are constructive; they are never wholly destructive. The administration of an emetic is about as severe a course of treatment as is given by amendment. "To render the amendment offered admissible, it must contain not merely the quantity and general quality of matter requisite to fill out the declaration, but its matter must be the residue of the identical cause of action of which a part is already described in the declaration. . . Some transaction must be indicated, and some particular duty and breach in respect to the transaction must apparently be asserted by the declaration, and must be shown to exist by the amendment. If the plaintiff has two causes of action of the same class, though the same facts may, in part, be common to both of them, he is not allowed to declare upon one and afterwards abandon it and substitute the other by amendment. . . And as the original cause must be adhered to, and no other substituted in its place, the trace furnished must be sufficiently plain and distinct to identify the particular cause of action to which the declaration points or refers." *Ellison* v. *Ga. R. Co.,* supra, 709-710.

We conclude, therefore, that the court properly disallowed the amendment.                                      *Judgment affirmed.*