## GASKINS v. GASKINS.

1. It is error to give an instruction unsupported by evidence, and when it is of a character likely to mislead the jury to the prejudice of the complaining party, it is cause for a new trial. It is likewise error to instruct the jury that the plaintiff, under given circumstances, would be entitled to recover a money verdict, when there is no prayer for such a recovery.

2, 3. Where there is an issue whether a conveyance executed by a husband to his wife was made to delay or defraud creditors, there being evidence that there were more creditors than one when the conveyance was made, the court should not so instruct the jury as in effect to limit their consideration to the question as to whether the conveyance was made to delay or defraud one certain creditor. In such a case the jury should be instructed, without request, that if the conveyance was made to delay or defraud any creditor or creditors of the grantor, it will bind him and will not be set aside at his instance.

4 The grounds of the motion in which error is assigned upon the refusal of the court to exclude certain evidence are not meritorious. The statement by the court of the respective contentions of the parties is not entirely accurate; but this, and the statement of the form of the verdict directed by the court in the event the jury should find for the plaintiff, will doubtless be corrected upon another trial.

SEPTEMBER 13, 1916.

Equitable petition. Before Judge Thomas. Berrien superior court. September 4, 1915.

This is an action brought by John B. Gaskins against Docia Gaskins, his wife, and W. T. Rigell Sr., her father. The substance of the petition as amended is to the following effect: The plaintiff, in January, 1908, owed only one debt, and that to C. Strickland. Being unable to pay it, he entered into an agreement with Strickland and the defendants, whereby plaintiff should convey all his property, including 100 acres of described land, to his wife, who was to hold the same until he should pay or be able to pay the indebtedness to Strickland, and thereupon his wife should reconvey the land to plaintiff; and such terms of the agreement should be incorporated in the conveyance to her. Rigell prepared a deed from the plaintiff to his wife, conveying to her his land, and fraudulently and falsely represented to plaintiff that it contained the stipulations above set forth as to reconveyance; but in fact the instrument so prepared was in form an unconditional warranty deed with a recital of the payment of $200 as its consideration, and in no way referred to the reconveyance of the property. Plaintiff was illiterate, being unable to read or write,

and, reposing full confidence in his father-in-law, he executed such instrument on January 10, 1908, and he did not know that the real agreement was not set out therein, the same not being read to him. During the year 1909, with the consent of the plaintiff and his father-in-law, plaintiff's wife sold the land, partly for cash, with notes for the balance of the purchase-price. A portion of the money from the sale was invested in a house and lot in which plaintiff and his wife live. At the time of the sale "it was then agreed by and between [plaintiff] and [his wife] that [plaintiff] should have said property with the proceeds therefrom reconveyed to him soon, it then being apparent that [plaintiff] would be in position to pay the debt owing to said C. Strickland, from the proceeds of sale." Both defendants, who have the cash and notes, refuse to convey to plaintiff the property or to deliver to him the cash and notes. Plaintiff was wholly ignorant of the fact that the deed from him to his wife did not contain the agreement as to reconveyance until a short time prior to the institution of this suit. The prayers were, for a reformation of the conveyance from plaintiff to his wife; that defendants be required to convey to plaintiff the house and lot purchased with the proceeds of the sale of the land; "that they be required to pay over and deliver to [plaintiff] the sum of money now on deposit in the bank," part of the proceeds of the sale of the land, "and to pay over and deliver to him said notes, amounting to $1500.00 yet unpaid" by the purchaser of the land; that defendants be enjoined from selling or incumbering the house and lot, and "from withdrawing, checking out, or in any way intermeddling with said money on time deposit in the bank, . . and from withdrawing, transferring, or molesting said notes owing by [the purchaser of the land], and from accepting any payment whatever upon the same from said [purchaser] or any one else for him; and that they be brought into court and delivered up to plaintiff for his use until the final determination of this suit."

On the trial a verdict was rendered for the plaintiff against the defendant, Docia Gaskins, for $1250. She moved for a new trial, which was refused, and she excepted.

*E. K. Wilcox* and *W. D. Buie*, for plaintiff in error.

*J. P. Knight*, contra.

FISH, C. J. (After stating the foregoing facts.)

1. One of the grounds of the motion for new trial complains that the court erred in instructing the jury as follows: "If you believe from the evidence in the case that Mr. Gaskins conveyed this property to the defendant, Docia Gaskins, with the consent, agreement, and concurrence of Mr. Corley Strickland, that she was to hold the property as security for Mr. Strickland, that there was no intent to hinder, delay, or defraud the said Strickland, then and in that event if you further believe that the property was subsequently sold, the proceeds to be held under agreement between plaintiff and defendant that the proceeds were to be turned over to the plaintiff; and if you further believe that the clause in the contract as set up by the plaintiff was left out of the agreement in consequence of fraud and imposition on the part of the plaintiff [on the plaintiff?], as alleged in the petition, then the plaintiff would be entitled to recover as prayed for. That is, he would be entitled to recover such amount as went into the hands of the defendant, Mrs. Docia Gaskins." Among other assignments of error on this excerpt is one that there was no evidence to authorize the submission to the jury of the questions whether the plaintiff's wife "was to hold the property as security for Mr. Strickland," and whether the proceeds of the sale of the property were, by agreement, "to be turned over to the plaintiff." Another complaint is, that, there being no prayer for a money verdict, the court was not authorized to instruct the jury that in the circumstances stated the plaintiff "would be entitled to recover such amount as went into the hands of the defendant, Mrs. Docia Gaskins." The instruction was subject to these criticisms. The plaintiff himself testified: "I did not make it [the deed to his wife] for the purpose of securing Strickland," and further: "The understanding was that a part of that money [proceeds from the sale of the land] should be invested in that little home at Ray's Mill, and we all were to live on the balance of the purchase-money." There was no prayer for a money verdict. It follows that the court erred in giving the instruction; and as it is apparent that it was calculated to mislead the jury to the prejudice of the defendant against whom the verdict was rendered, it is cause for a new trial.

2. Another excerpt from the charge upon which error is assigned is as follows: "The court instructs you further that if you believe

from the evidence in the case that there was no agreement by which the property was to be held by the defendant, Mrs. Docia Gaskins, as security for the payment of the debt of Mr. Corley Strickland or any other creditor, but if you believe from the evidence in the case that at the time of the execution of the deed of the plaintiff, Gaskins, to the defendant, Gaskins, that the plaintiff was involved financially, that he owed Mr. Corley Strickland, and if you believe that he made that conveyance to her to hinder Mr. Corley Strickland in the collection of his debt, or to delay him in the collection of the debt or defraud him, that is, put the property where Mr. Strickland could not reach it, and in consequence of that to hinder, delay, or defraud, then the law leaves them— if that be the truth of the case—right where it finds them— where that is done by anybody; and if you find that is the truth of the case, then the plaintiff can not recover." The error assigned on this instruction is that it limited the jury to a consideration of the question whether or not the conveyance from the plaintiff to his wife was made to hinder, delay, or defraud Strickland, whereas, if the purpose was to hinder, delay, or defraud any other creditor or creditors, the plaintiff would not be entitled to recover. There was positive evidence that Strickland was not the plaintiff's only creditor at the time of the execution of the deed to the plaintiff's wife, and the testimony of the plaintiff himself strongly indicates that at that time he owed other debts besides the one to Strickland. The court therefore erred in restricting the consideration of the jury as above indicated.

3. A further complaint is that the court wholly failed to charge the jury that if the deed made by the plaintiff to his wife was executed for the purpose of delaying or defrauding any creditor or creditors of his other than Strickland, the plaintiff could not recover. In view of the evidence referred to in the preceding division of the opinion as to there being other creditors than Strickland when the plaintiff made the conveyance, it was error for the court to fail to instruct the jury as it is contended in this ground he should have done, even though no request was made for such instruction.

4. The matter dealt with in the fourth headnote needs no elaboration.

*Judgment reversed. By five Justices, all concurring.*