### 16980. MASSELL REALTY CO. *v.* WASHBURN.

1. Irrespective of whether the petition prior to its amendment was or was not defective, as urged by the general demurrer, the plaintiff having submitted to the adverse ruling on the demurrer by seeking to amend his petition so as to conform to that ruling, he can not thereafter be heard to complain that the ruling was erroneous, and that the amendment which he chose to offer was in fact unnecessary; and this is true although he may have excepted to the ruling. *Smith* v. *Bugg*, 35 *Ga. App.* 317 (133 S. E. 49). The effect of the original order sustaining the demurrer, as thus acquiesced in by the plaintiff, was to adjudicate that the petition as it then stood was defective for the reason stated in the demurrer, and that it must be amended within the time stated in the order.

2. The original petition, as first informally amended, the rented premises being described as under process of construction in accordance with existing plans and specifications prepared by a named person, with the allegation that a copy of the "plans" as attached to the contract was made a part of the petition, might reasonably have indicated the existence of separate specifications forming a part of the contract, which, not being attached, rendered the petition subject to demurrer; but since, in the written amendment filed in response to the defendant's renewed demurrer, it was specifically shown that the plans referred to as attached to the contract, and by the amendment made a part of the petition, embraced all the terms of the agreement entered into with reference to the rented storeroom then in process of construction, the petition as thus amended was no longer subject to objection on the ground that the contract sued on was not fully set forth, nor could it then be subject to the alleged objection that the petition indicated that a part of the contract sued on was not in writing.

3. The petition as finally amended was not subject to demurrer on the ground that the contract sued on was so vague and indefinite with reference to the subject-matter of the agreement as to render it incapable

of enforcement. This being true, and it not appearing from the petition that the contract was violative of the statute of frauds, it was error to dismiss the petition as finally amended.

DECIDED SEPTEMBER 17, 1926.

Certiorari; from Fulton superior court—Judge Bell. October 27, 1925.

*Jones, Evins, Moore & Powers,* for plaintiff.

*Alston, Alston, Foster & Moise,* for defendant.

JENKINS, P. J.    This was a suit in the municipal court of Atlanta to recover the first three months' rental for a store-building under an alleged lease for a term of five years. The original petition alleged that "on the 8th day of April, 1924, the said Clyde Washburn did enter into a lease contract with your petitioner for a term of five years, beginning the first day of May, 1924, or as soon thereafter as the building herein described was completed, a certain storeroom 25 feet by approximately 175 feet, in a building located on the northeast corner of West Peachtree and Pine streets in the City of Atlanta, Fulton county, Georgia, said building being then in the process of construction, at an agreed rental of $300.00 per month during the first two years and $350.00 per month during the last three years." The case being in default, it was agreed at the trial term that it should be brought to trial upon its merits, at which term the defendant filed a general and special demurrer, the special demurrer complaining that the contract referred to in the petition was not set forth. It is alleged in the petition for certiorari that counsel for the defendant then stated that the only purpose of the special demurrer was to obtain a copy of the contract sued on. It appears that thereupon the plaintiff produced the contract in court and informally tendered it as an amendment to the petition. The 13th paragraph of the contract stipulates as follows: "It is understood and agreed that the premises which are the subject-matter of this written lease have not been completed at the time of the actual execution and delivery of this document, but that said building is under course of construction, and it is of the essence of this agreement that the premises shall be constructed in accord with the plans and specifications existing and prepared by E. C. Seiz. A true and correct copy of plans for the improvement shown on three sheets have been examined by the parties hereto and identified by their

initials as exhibits 'A,' 'B,' and 'C' to this lease contract, and are now made a part hereto as fully as if incorporated herein." Thereupon the defendant renewed and amended his general demurrer, setting up that the contract sued upon was invalid in that it failed to conform to the requirements of the statute of frauds. Plaintiff protested against the consideration of the amended demurrer on the ground that the default was waived under the stipulation that the case would be tried on its merits, and that under such agreement the contention raised by the demurrer with reference to the statute of frauds could not be considered, and moved the court to permit him to withdraw his waiver of the default, strike the demurrers and answer filed by the defendant, and enter judgment in favor of the plaintiff. This motion was overruled, and, upon considering the grounds of the amended demurrer, the court passed the following order: "The foregoing demurrer sustained on each and every ground thereof. The petition shall stand dismissed unless amended within fifteen days from the date of this order." Within the time specified by this order the plaintiff amended his petition in part as follows: "Plaintiff amends paragraph 3 of its original petition by attaching hereto as an exhibit to said paragraph a copy of the lease contract therein referred to, together with three certain sheets of blue-prints therein referred to *as the plans and specifications existing and prepared by E. C. Seiz.* At the time of the execution of said lease and the examination and identification of said sheets they were bradded together, *and they were the only plans and specifications for said building prepared by the said E. C. Seiz.*" The three blue-prints referred to by the amendment pictured the floor plans, front and side elevations of the building, drawn to scale, and indicated upon the drawing certain specifications with reference to the construction and materials of construction, such as red brick on the sides, T. C. coping on the top, plastered walls, tile floors, cement floors, plate-glass front, and painted ceilings. After the amendment had been offered and allowed, the defendant filed a demurrer to the petition as amended, setting forth that the petition as amended set forth no cause of action, and that the writing sued upon was in violation of the statute of frauds, and upon its hearing the petition as amended was dismissed. The plaintiff sued out certiorari, assigning as error the order overruling the

motion to strike the original demurrer and the amendment thereto, and to the judgment sustaining the original demurrer as amended, and ordering that the suit stand dismissed unless plaintiff amended within fifteen days, and the judgment of May 14, 1925, sustaining the demurrer to the petition as amended and dismissing the petition. The defendant contends that the last amendment in no wise cured the defect adjudicated by the original order to exist, and that the order, having been acquiesced in by the plaintiff, became the law of the case. The plaintiff now excepts to the overruling of the certiorari.

*Judgment reversed. Bell, J., concurs. Stephens, J., concurs in the judgment.*