BAKER *et al. v.* CALLOWAY *et al.*

No. 6424.   MARCH 2, 1929.

*Winfield P. Jones,* for plaintiffs.

*Smith, Hammond & Smith, T. J. Lewis,* and *T. L. Slappey,* for defendants.

RUSSELL, C. J. After very careful consideration of every feature of the record in this case, we have reached the conclusion that the court did not err in dismissing the action, when the petition is construed as one founded altogether upon the rights of the peti-

tioners as minority stockholders in the Grape Dew Company of America. In one view of the case, the facts stated might make a good cause for damages against Calloway, if the allegations be true, and if the plaintiffs were bringing the action, each in his own behalf, for the destruction of the value of their stock by Calloway and the annihilation of its value to the injury of the stockholder. That the property in that event was stock in the Grape Dew Company would be a mere incident, and the validity of the action would no more depend upon the fact that the property was shares in the Grape Dew Company than that if it was any other kind of personal property of the petitioners which the defendant might have destroyed while it was in his custody and control. However, the petition in this case was not brought upon that theory, for the Grape Dew Company itself was sought to be made a party plaintiff, and no amendment was offered to strike that feature, doubtless for the reason that the petition as thus amended would have set out an entirely new cause of action. A question such as that embraced in what we have just said, however, is not before the court for consideration, and of course no ruling is made thereon. The only questions which arise in this case, preliminary to the portion of the order of the court dismissing the petition, are whether the order of the court of June 7, to which exceptions pendente lite were filed, authorized the court's subsequent ruling in the final order granted on October 21, 1927. When the court passed the order of June 7, the plaintiffs had the right to stand upon their exceptions challenging the correctness of every ruling embodied in the order, and to have had such rulings reviewed by direct bill of exceptions. The plaintiffs, by the presentation of amendments, admitted that the petition was insufficient, without amendment, to withstand a demurrer. In filing the amendment of July 25, 1927, they waived and abandoned the exceptions pendente lite. By the order of June 7 nothing was left in the original petition except the names of the plaintiffs and the defendants, the statement of the contract which had been entered into by certain persons with A. D. Lewis, and the contract entered into between Calloway and the Grape Dew Company of America. Every allegation relating to the nature and amount of the damages sought, as well as the allegations setting forth the acts causing such damages, had been stricken, and by the court's ruling

the prayers for relief had been rendered inappropriate. After a very painstaking investigation of the record, we are satisfied that this is one of the cases where the sustaining of special demurrers (for Calloway et al. filed none but special demurrers) disemboweled the petition and left the petitioners helpless except by direct bill of exceptions. That portion of the order of the judge passed on June 7 which precedes the ruling on each demurrer separately shows that the court had ruled that under the terms of the contract between Calloway and the corporation, as well as the contract between Lewis and his assignees, Calloway was not required to furnish any money in the exploitation of the corporation unless he chose so to do, and Lewis could cancel his contract at his will after 90 days notice; and therefore the suit could not proceed in the lower court upon either of these features of the case. There was no demurrer to the thirteenth paragraph of the petition, and it was not stricken; but the striking of the intervening paragraphs 11 and 12, and of all allegations showing that injurious results followed from the action of Calloway as set forth in the thirteenth paragraph, rendered its continued presence in the petition nugatory and futile.

Where the court enters an order sustaining demurrers, but gives leave to the plaintiff to amend the petition within a specified time, and orders that in default of such amendment the petition stand dismissed, and thereafter the plaintiff files exceptions pendente lite assigning error upon such judgment, but on the same day offers an amendment seeking to perfect the petition as well as specified paragraphs thereof, the assignments of error presented by the exceptions pendente lite will not avail him; for, by meeting the ruling of the court by offering to amend, he waives the right to except to the ruling holding that his pleadings are open to the attacks made by the demurrer. *Farrer* v. *Edwards,* 144 *Ga.* 553 (87 S. E. 777). "If the petitioner was of the opinion that his petition was sufficient without amendments, he should have stood upon it as originally drawn, and he could then have excepted to any adverse judgment affecting his rights upon the petition as it was written before amendment." *Barley* v. *Horton,* 149 *Ga.* 605 (101 S. E. 680); *Lavenden* v. *Haseman,* 157 *Ga.* 275 (121 S. E. 646), and cit. At the hearing of October 21 there was nothing for the court to consider but the validity of the amendments **offered at**

that time to perfect the petition. Some of the grounds of demurrer which were sustained by the court were valueless themselves. They did not specify the particular vice in the expression or substance of the amendment. But there appears to have been in each demurrer at least one ground which was sufficiently specific, and so we can not say that the court erred in sustaining these special demurrers. There is no exception to the judgment dismissing Slappey, Jones, Wilson, and Bottled Beverages Inc. from the case. So that on the final hearing the action stood as a case in which the plaintiffs, purely in their status as stockholders of the Grape Dew Company of America, and as proceeding in its behalf, were proceeding against E. C. Calloway, Finance Inc., and A. D. Lewis. In the state of the record the court did not err in dismissing the petition. '        *Judgment affirmed.   All the Justices concur.*

BECK, P. J., and ATKINSON and HINES, JJ., concur in the result.

RUSSELL, C. J. In preparing the opinion of the court I have attempted to express the view entertained by the majority. Though concurring in the judgment of affirmance, I do so with very grave doubt.