## NORTON *et al. v.* BROWN.

No. 8266.    JULY 20, 1931.

*J. M. Lang,* for plaintiffs.   *J. G. B. Erwin,* for defendant.

HINES, J.   (After stating the foregoing facts.)

Should the decree of the court be reversed because the judge refused to recommit the case to the auditor?   The first ground of the motion to recommit is that the auditor failed to consider and pass upon the demurrer to the answer of the defendant.   In the final decree the judge considered and passed upon this demurrer, and overruled it.   It would now be doing a vain and useless thing to recommit the case to the auditor, so that he could consider and

pass upon this demurrer. The proper procedure would have been for the plaintiffs to except to the final decree which overruled this demurrer, which they did not do.

The second ground of the motion to recommit was that the judge, in passing upon the demurrer to the original answer of the defendant, sustained certain special grounds of demurrer, with leave to the defendant to amend his answer to meet the defects therein pointed out, and with order that unless he did so his answer was dismissed. Plaintiffs filed before the auditor a motion reciting the foregoing facts, and asserting that the defendant had failed to meet the defects pointed out in the special grounds of their demurrer to his answer, and failed to comply with the order of the court in his amendment to his answer; and for this reason the plaintiffs urged in their motion that the auditor adjudicate that said amendment did not comply with the order of the court, that the answer of the defendant was dismissed under said order, and that the case was in default; which question the auditor failed to pass upon. In the final decree the judge held that the defendant had filed an amendment to his answer as required by the court's order and within the time allowed thereby. In this situation the remedy for the plaintiffs would be to except to the final decree on this point.

The third and fourth grounds of the motion to recommit the case were that the plaintiffs objected to the introduction of certain oral and documentary evidence by the defendant, and that the auditor failed to rule upon the admissibility of this evidence and to report whether he had admitted it or rejected it. In the final decree the judge held that the findings of the auditor were supported by the evidence, irrespective of his rulings on evidence as contained in the motion to recommit; and that for this reason all exceptions to the report of the auditor should be overruled and his report approved. Thus the judge in effect held that, with the evidence ruled out to which the plaintiffs objected, the report of the auditor was right. The remedy of the plaintiffs in this matter was by direct bill of exceptions to this holding of the trial judge.

■ The auditor held that the defendant was competent to testify as a witness as to transactions between his deceased mother and himself, touching the alleged agreement between them by which he was to have at her death her interest in the premises in dispute if he cared for and supported her during her life. The

judge overruled the plaintiffs' exception to this ruling, and they except and assign error. Was the defendant competent to testify to the agreement between himself and his deceased mother, by which he was to have her interest in the premises in dispute at her death if he cared for and took care of her during her life? The plaintiffs made a motion to make the defendant, as administrator of his deceased mother, a party defendant. A rule nisi was granted, calling upon him to show cause why he should not be made a party defendant in his capacity as administrator. He acknowledged service of the motion and the rule nisi; but no order was taken making him as administrator a party defendant. The general rule now is that no person offered as a witness shall be excluded by reason of incapacity, crime or interest, or from being a party, from giving evidence on the trial of any issue joined, or of any matter or question, or in any inquiry arising in any suit; but every person shall be competent and compellable to give evidence on behalf of either or any of the parties to the suit, except in certain specified cases. Civil Code (1910), § 5858. No exceptions except those mentioned in that section are allowed. § 5859. Clearly the defendant was not disqualified, under the general rule above stated, to testify in his own behalf. Was he disqualified under any of the exceptions to the general rule? It is insisted that he was disqualified under the first exception to the general rule. This exception is that "Where any suit is instituted or defended by a person insane at time of trial, or by an indorsee, assignee, transferee, or by the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against the insane or deceased person, as to transactions or communications with such insane or deceased person, whether such transactions or communications were had by such insane or deceased person with the party testifying or with any other person." Code § 5858(1); Acts 1900, p. 57. If the defendant as administrator of his mother was made a party defendant to this suit, it might be said that it was being defended by the administrator of the deceased mother. We concede, for the sake of the argument, that the suit was defended by him individually and as administrator of his deceased mother. Did this fact render him incompetent to testify against the plaintiffs? Certainly not. The statute renders the opposite party incompetent to testify against the deceased party

represented by the administrator. The opposite parties in this case and in this situation are the plaintiffs, and they are rendered incompetent to testify against the deceased. This does not render the administrator, when he is a defendant both in his individual and representative capacity, from testifying against the living plaintiffs as to transactions and communications between him and his intestate. In an action for land instituted by one party against the heirs at law of one who died intestate, the heirs at law of the deceased are not to be deemed his personal representatives, within the meaning of paragraph 1 of section 5858, and the first party is competent as a witness to testify in his own behalf as to conversations or transactions with the deceased, affecting the merits of the case. *Boynton* v. *Reese,* 112 *Ga.* 354 (37 S. E. 437); *Rudulph* v. *Washington,* 146 *Ga.* 605 (91 S. E. 560). Heirs at law, suing as such to recover from another heir at law their undivided interest in land inherited from their ancestor, are neither the personal representatives nor the assignees of the ancestor; and the opposite party to such proceeding is not incompetent to testify as to communications and transactions with the deceased ancestor, which affect or destroy the rights of the plaintiffs to recover. *Donald* v. *Groves,* 160 *Ga.* 163 (126 S. E. 583). So the judge did not err in overruling this exception to the finding of the auditor.

■ The plaintiffs further except to the decree, upon the ground that the judge erred in not decreeing title in them to the premises in dispute. This exception is based upon the contention that the plaintiffs filed a demurrer to the original answer of the defendant; that the court sustained special grounds of this demurrer and dismissed the answer, but granted leave to the defendant to amend within a given time to meet the defects pointed out by the special demurrer; that the defendant amended his answer within the time allowed, but did not cure the defects against which the special demurrer was directed; that in consequence of the failure to cure these defects the answer stood automatically dismissed under the original order of the court; and that upon motion of the plaintiffs it was the duty of the court to hold that defendant had not complied with the order requiring him to amend his answer, and to adjudicate that the defendant was in default. They further contend, that, as the auditor did not pass upon their motion asking the court to adjudge the case in default and to hold that the answer

158

of the defendant was dismissed automatically under the order granting leave to amend, the judge in his final decree should have held that the answer of the defendant was dismissed, and should have adjudged that the plaintiffs were entitled to recover their interests in the premises sued for. In support of this position counsel cite *Calhoun &c. Co.* v. *W. & A. R. Co.*, 35 *Ga. App.* 436 (133 S. E. 348), and *Kersh* v. *Savannah &c. Co.*, 36 *Ga. App.* 188 (136 S. E. 85). In the first of these cases it was held that "Where an order sustaining a special demurrer to the petition was passed, with time granted for amendment to cure the defect, and the plaintiff, without showing any reason why compliance with the terms of the order could not be made, filed an amendment within the time allowed, but which in no way actually cured the defect adjudicated to exist, and thereafter the defendant moved to dismiss the petition on account of the plaintiff's failure to comply with the court's order, and the plaintiff made no further effort to amend his petition in order to comply with that adjudication, it was error for the judge to refuse the motion to dismiss, since his previous adjudication sustaining the special demurrer, to which no exception was taken, became the law of the case, and the court was thereafter powerless to hold to the contrary." It is insisted by counsel for the defendant that the principle announced in the cases cited does not apply, for two reasons. One is that the defendant excepted pendente lite to the order sustaining the grounds of special demurrer to his answer, on which he assigns error in this court, and that for this reason he can now insist that his answer as it originally stood was not subject to the grounds of special demurrer filed thereto. The other is that the defendant by his amendment cured the defects in his answer pointed out in the special grounds of demurrer thereto.

. We do not think that the defendant can now insist upon his exception pendente lite to the ruling of the court upon the grounds of special demurrer to his answer, and assign error thereon in this court. His exception pendente lite will not now avail him, for the reason that he undertook to meet the ruling of the court sustaining the special grounds of demurrer to his answer by amendment, and thereby waived his right to except to the ruling holding that his answer was open to the attacks made by the grounds of special demurrer. If the defendant was of the opinion that his

answer as it originally stood was sufficient without amendment, he should have stood upon it as originally drawn, and he could then have excepted to any adverse judgment affecting his rights under his answer as it was written before amendment. *Farrer* v. *Edwards*, 144 *Ga.* 553 (87 S. E. 777) ; *Barley* v. *Horton*, 149 *Ga.* 605 (101 S. E. 680) ; *Lavenden* v. *Haseman*, 157 *Ga.* 275 (121 S. E. 646) ; *Baker* v. *Calloway*, 167 *Ga.* 908, 919 (147 S. E. 562). But we think the amendment offered by the defendant to his answer was sufficient to cure the defects pointed out therein by the grounds of special demurrer, especially in the absence of a motion to dismiss the amendment because it failed to ·do so. It follows that the court did not err in holding that the answer of the defendant was not automatically dismissed by virtue of the facts hereinbefore stated and insisted upon by the plaintiffs as a ground for such holding. While the auditor should have passed upon this question, and his failure to do so could be excepted to, the judgment should not be reversed on that ground, for the reason that the judge passed on the question and decided it against the plaintiffs, to which ruling they excepted. It would be an idle and vain thing to send the case back to have the case recommitted to the auditor for his failure to pass upon this question, when it was afterwards passed upon and decided by the judge, to whose decision the plaintiffs excepted, and where we sustain the ruling of the judge.

■ Other assignments of error are without merit. We reach the conclusion that the judge did not err in overruling the exceptions of the plaintiffs to the report of the auditor, and in rendering a final decree in favor of the defendant.

*Judgment affirmed. All the Justices concur.*