## MERCK *v.* JACKSON *et al.*

No. 10489. December 11, 1934.

*Robert Lee Avary* and *Robert Lee Avary Jr.*, for plaintiff.

*Louis H. Foster*, for defendants.

GILBERT, J. Mrs. Ada Jackson Merck filed suit against W. E. Jackson individually and as executor of the will of F. M. Jackson, deceased, and against seven children of W. E. Jackson. The petition and the prayers sought relief, both legal and equitable, for a variety of causes, against a number of persons. The defendants demurred generally, and on the grounds of multifariousness, lack of jurisdiction, no equity, and that W. E. Jackson as executor had never given his consent or assigned to the plaintiff the right to sue for any debt due the estate. The court sustained the demurrer and dismissed the action as to all of the parties except W. E. Jackson, but allowed the case to proceed against him individually on the claims for alleged debts due by him to the estate and which he had failed to pay, as set out in the designated paragraphs of the petition, and provided that as to one of the paragraphs the plaintiff amend "so as to suspend the running of the statute of limitations as to the same." Mrs. Merck excepted. *Held:*

1. The demurrer was properly sustained as to those portions of the petition which sought relief against W. E. Jackson as executor of the will of F. M. Jackson, deceased, and against seven children of W. E. Jackson. It was proper practice to overrule the demurrer in part and sustain it in part; thus dismissing those parts which were bad and retaining that which was good. *May* v. *Jones,* 88 *Ga.* 308 (4) (14 S. E. 552, 15 L. R. A. 637, 30 Am. St. R. 154).

2. Where a special demurrer is sustained or overruled conditionally, and there is due compliance with the condition, such compliance automatically denies the right to except. One can not both comply with the ruling, which amounts to a submission, and afterwards complain that the ruling was erroneous. *Baker* v. *Calloway,* 167 *Ga.* 908, 919 (147 S. E. 562), and cit.

3. Other than as above stated, the court did not rule on the special demurrers; and hence there is no question of a right of election where there is a demurrer on the ground of multifariousness. Moreover, where the court correctly ruled that the petition was subject to general demurrer except in one specified particular,

there remained no opportunity to elect as to which to proceed against.

4. All other issues discussed in the brief for the plaintiff in error are eliminated by the judgment of the trial court approved above.    *Judgment affirmed. All the Justices concur.*