POSS *et al. v.* HARDIN *et al.*

No. 10932. DECEMBER 12, 1935.

524

*Willingham & Willingham,* for plaintiffs.

*Williams & Freeman,* for defendants.

BECK, Presiding Justice. ■ On July 27, 1934, the court passed an order and judgment sustaining the demurrers to the petition as amended, subject to the right of the plaintiffs to file an amendment to the petition not later than August 2, 1934, and subject to the right of the defendants to file objections to said amendment. On August 2, 1934, the plaintiffs filed an amendment to the petition and served it on counsel for defendants, as directed in the judge's order. Objections to this amendment were filed by each of the defendants. On May 24, 1935, the judge passed an order disallowing the amendment. This order provided that the judgment of July 27, 1934, was to become operative and in effect, and the petition was dismissed. When the plaintiffs offered the amendment to meet the ruling dismissing the case unless it was amended, they waived their right to except to the ruling that the case would be dismissed unless amended. In *Farrer* v. *Edwards,* 144 *Ga.* 553 (87 S. E. 777) ; it was held: "Where a court announces that a demurrer to a petition is sustained, but before judgment to that effect is entered allows the plaintiff to amend, and he does amend so as to prevent a dismissal of the suit, an exception upon the ground that he was forced to amend will not avail him. If he sees fit to meet the ruling of the court by offering an amendment, he waives his right to except to the ruling holding that his pleadings are open to the attack made by the demurrer." See the first division of the opinion in that case. This rule has been followed and applied in more than one case since that decision. See *Baker* v. *Calloway,* 167 *Ga.* 908 (147 S. E. 562) ; *Merck* v. *Jackson,* 179 *Ga.* 859 (177 S. E. 748).

■ In rendering the final judgment dismissing the case the court, in passing upon the amendment filed by the plaintiffs on August 2, 1934, and summing up the essential facts, said: "The amendment now under consideration is subject to the rulings of the court evidenced by the order and judgment of the court of July 27, 1934, on the demurrers filed by the defendants to the petition. Unless the plaintiffs can by said amendment add to the written

contract sued upon their contentions by parol, there is no ground upon which the prayer for a recovery of a money verdict against either said Morris Lumber Company or H. H. Hardin individually can be granted. In the contract- as drawn, the plaintiffs only agreed to manufacture the lumber and timber belonging to the company, and the company only agreed to pay them for such services a stipulated amount. If there were any other conditions or covenants inuring benefits to the plaintiffs, agreed upon between said parties, they were either abandoned or left out when the agreement was finally reduced to writing by Poss Brothers and the Morris Lumber Company, by which said Hardin, acting through said company, took over for his own benefit all of the assets of the company including all the lumber and timber by virtue of his having paid out a large sum, being the amount of indebtedness due by said Poss Bros. and the Morris Lumber Co. There are no allegations that the agreement now asserted in the amendment was left out through any act of fraud or deceit committed by said Hardin either as an individual or as an officer of the company, or that the plaintiffs did not have full opportunity of reading the contract before signing, or that any fraud or undue influence was exercised over them by Hardin. On the contrary it is alleged that 'all of the terms of the original contract have been fully complied with both by petitioners and the Morris Lumber Co.' Therefore the plaintiffs' case against Hardin and the company, under the pleadings, must stand or fall with the written contract. The submitted amendment seeks to set up a new and distinct agreement with Hardin as an individual, and which is wholly at variance with the terms of the written contract between the plaintiffs and the company, although the written contract is retained and relied upon for the establishing of the entire alleged agreement with Hardin. This can not be done without a proper allegation and prayer for a reformation of said contract, for the reason that it collides with the rule that 'parol evidence is inadmissible to add to or take from or vary a written contract;' and no such prayer is made in the amendment.

"The amendment, by a new paragraph number 24, seeks, by virtue of paragraph 18 of the written contract sued upon, to recover of the Morris Lumber Company a money judgment for the value of the assets of said company as per list receipted for by said com-

pany. While the written contract seems to provide for such an action, yet the amendment seeks to set up a new cause of action at law against said company, for which equitable relief will not be granted. The amendment offered is therefore disallowed, and the judgment of the court as of date above stated is in effect."

With the conclusion reached by the judge, and his reasons therefor, we agree. The conclusion of the judge that the amendment last referred to sets up a new cause of action is clearly right. As was said in *Brinson* v. *Chandler*, 4 *Ga. App.* 63 (60 S. E. 805), "As liberal as we have been in Georgia in the allowance of amendments, it has always been held to be improper to allow an amendment setting up an entirely new and distinct cause of action." See also *Milburn* v. *Davis*, 92 *Ga.* 362 (17 S. E. 286). It follows that the court did not err in sustaining the demurrer and dismissing the case.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*

BELL, Justice, concurs in the result.