33863. CAFFEY *v.* GENERAL ELECTRIC SUPPLY CORPORATION.

DECIDED MARCH 10, 1952—REHEARING DENIED APRIL 4, 1952.

*N. T. Anderson Jr.*, for plaintiff in error.

*Woodruff, Swift & Dorsey*, contra.

GARDNER, P.J.   1. It is earnestly insisted that the Superior Court of DeKalb County erred in overruling the petition for certiorari.   The plaintiff corporation on December 28, 1950, filed its petition in the City Court of Decatur against Caffey on a judgment of the Circuit Court of Harrison County, Mississippi, for $7015.54 principal, $491.09 interest, and costs.   The entry of the service of the suit in the City Court of Decatur recited that the defendant was served at his most notorious place of abode.   The defendant Caffey did not file any plea or answer or any demurrer.   The only pleading filed by the defendant is what he denominates a traverse of the return of service, in which he sets up that, at the time the suit on the judgment was filed, he

had no place of abode in DeKalb County, was not a resident of that county, and could not be served notoriously anywhere in that county on December 28, 1950. 'The plaintiff demurred generally to this plea of traverse and moved to strike the same. Paragraph 4 of this demurrer was that, although said traverse contains some of the elements required of a plea to the jurisdiction, the same is defective in that the defendant fails to show in what county he resides and what courts have jurisdiction of his person and the subject matter of this suit. The court sustained this ground of the plaintiff's demurrer and gave to the defendant ten days in which to amend and meet the defect pointed out in this ground of the demurrer, otherwise "the traverse of service stands dismissed." The defendant acquiesced in this ruling in that he thereafter obtained an extension of time in which to file said amendment, and instead of excepting to such ruling, he filed on May 31, 1951, an amendment to his traverse, in which he struck certain allegations and added others in lieu thereof, but did not allege what court or courts in this State have jurisdiction of said case against him in said City Court of Decatur, and did not allege in what county he resided, and did not attempt to meet the defect therein as set out in the fourth ground of the plaintiff's demurrer to said traverse. The trial court thereupon ruled that said amendment was not responsive to and did not correct the defect pointed out by ground 4 of said demurrer, and that said "traverse of service stands dismissed pursuant to order of court dated May 15, 1951." The court then rendered judgment in the suit on the judgment in favor of the plaintiff therein, the case being in default. When the defendant Caffey did not except to the order sustaining the fourth ground of the plaintiff's demurrer to such traverse, such ruling and order became the law of the case and binding on the defendant. Code § 81-502, dealing with pleas to the jurisdiction, provides that in all such pleas it must appear that there is a court in this State which has jurisdiction of the case. It has long been settled that an amendment by the pleader to meet a ruling on a demurrer to the pleading waives any right of such pleader to except to the ruling and order sustaining the demurrer. For instance, when a demurrer to a pleading is sustained with leave to amend, the plaintiff, if the pleading is the petition, may take the position that his peti-

tion is good and except to the order sustaining the demurrer thereto, or he may acquiesce in the correctness of the ruling on the demurrer and amend to meet it. By amending to meet the demurrer, he agrees to the correctness of the ruling and cannot thereafter except to the ruling. It is immaterial whether the ruling on the demurrer was correct or not. See *Walton v. Sikes*, 165 *Ga.* 422 (5) (141 S. E. 188); *Baker v. Calloway*, 167 *Ga.* 908 (147 S. E. 562); *Norton v. Brown*, 173 *Ga.* 146 (3) (159 S. E. 702).

The defendant Caffey was bound by the ruling sustaining the fourth ground of the plaintiff's demurrer to the traverse, and it became the law of the case that the defendant amend and show in what county and court he could be sued (Code, § 81-502), and when he failed to do this, the court properly struck the traverse and, no other pleading being interposed by the defendant, rendered final judgment in the plaintiff's favor on said Mississippi judgment.

Misnomers can be corrected instantly by appropriate amendment. The difference in the corporate name of the judgment plaintiff, as appears in the copies of the Mississippi suit and judgment and the exemplification thereof, are obviously misnomers, and were cured by the amendment. No attack was made, however, on this difference in the corporate name of the plaintiff suing in Mississippi and getting the judgment in that State, by the defendant in the City Court of Decatur, and he only calls attention thereto for the first time in the petition for certiorari. If there was a difference in the corporate names which rendered the proceedings improper in the City Court of Decatur, the appropriate attack should have been made thereon in that court.

It follows that the superior court judge did not err in denying the defendant's petition for the writ of certiorari, and in rendering judgment in said case affirming the judgment of the City Court of Decatur, and in rendering judgment that the plaintiff (defendant in certiorari) recover of the defendant (petitioner in certiorari) on said Mississippi judgment in the amount sued for, being $7015.54 principal, $491.09 interest, and costs.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*