40302. BELL, for use v. CAMP et al.

PANNELL, Judge. 1. Where, in response to a ruling of the trial court sustaining special demurrers to various paragraphs of the petition and giving petitioner a certain time in which to amend, the petitioner amends to meet the demurrers and the demurrers are renewed to the petition as amended and overruled by the trial court, the petitioner cannot be heard to

complain that the ruling on demurrers prior to the amendment of the petition was erroneous. *Barley v. Horton,* 149 Ga. 605 (2) (101 SE 680); *Merck v. Jackson,* 179 Ga. 859 (2) (177 SE 748); *Massell Realty Co. v. Washburn,* 35 Ga. App. 707 (134 SE 798); *Northwestern Mut. Life Ins. Co. v. Suttles,* 201 Ga. 84, 85 (2a) (38 SE2d 786). The Act of 1953, Nov. Sess., p. 82 (amending *Code* § 81-1001), and providing that "either party who amends or attempts to amend his petition or other pleadings in response to order or other ruling of court shall not be held to have waived his objection to such order or ruling but may thereafter take exception thereto as in other cases," was repealed by the Act of 1962, p. 682.

2. "While in charging the jury it is not reversible error to merely state correctly the contentions as made by the allegations of the petition, even though some of the contentions may not be supported by the evidence, *Armour & Co. v. Roberts,* 63 Ga. App. 846 (12 SE2d 376), and cit., *Georgia Power Co. v. Sheats,* 58 Ga. App. 730, 742 (199 SE 582) and cit., *Gledhill v. Harvey,* 55 Ga. App. 322 (4), 327 (190 SE 61) and cit., yet to instruct the jury on the law of a contention as to which there is no evidence, though the charge be correct in the abstract, is cause for a new trial, unless it is apparent that the jury could not have been misled. *Culberson v. Alabama Construction Co.,* 127 Ga. 599, 602 (56 SE 765, 9 LRA (NS) 411, 9 AC 507); *Citizens & Southern National Bank v. Kontz,* 185 Ga. 131 (6), 148 (194 SE 536); *Gaskins v. Gaskins,* 145 Ga. 806 (89 SE 1080); *Poland v. Osborne Lumber Co.,* 34 Ga. App. 105 (2), 108 (128 SE 198), and cit." *Robertson v. Abernathy,* 192 Ga. 694, 698 (4) (16 SE2d 584). In the present case the charge complained of was a charge relating to the theory of accident which was not supported by the evidence, but which was pleaded by the defendant in his answer. The jury found a verdict for the plaintiff. Generally, where there is a finding in favor of the complaining party on the issue charged, the error is harmless and there is no reversible error. *Bowen v. Holland,* 184 Ga. 718 (2) (193 SE 233) and cits; *Jackson v. Lipham,* 158 Ga. 557 (5) (123 SE 887); *Jackson v. Seaboard Air-Line R.,* 140 Ga. 277, 283 (6) (78 SE 1059). In the latter case, a negligence action, the plaintiff received a small verdict and in her motion for new trial complained of certain charges of the trial court. The Supreme Court, on appeal from an order overruling the motion for a new trial, held: "In some

instances error was assigned on charges to the effect that in certain events the plaintiff could not recover at all. As the jury found that the plaintiff was entitled to recover, and these charges do not seem to affect the measure of damages in case of recovery, it is not apparent that these charges were injurious to her, even if in some particulars there were slight inaccuracies. . . In view of the fact that the plaintiff obtained a verdict of $2,500 and her dissatisfaction is that the verdict is too small, and in view of the evidence and the general charge, we do not think there is anything in the charges mentioned requiring a new trial." We find two cases of this court where a plaintiff in a negligence case who received a small verdict complains of an erroneous charge on accident. In *Riggs v. Watson*, 77 Ga. App. 62, 67 (7) (47 SE2d 900), this court held: "Grounds 12 and 13 complain of the charge of the court on the subject of accident. We think this charge was error. It gave the defendants the benefit of a defense not pleaded or sustained by the evidence. See *Morrow v. Southeastern Stages*, [68 Ga. App. 142, 22 SE2d 336], supra, and *Ault v. Whittemore*, 73 Ga. App. 10, 15 (35 SE2d 526), and citations. Under the pleadings and the evidence the jury was authorized to find as they did find, that the defendants were negligent in some one or more of the ways alleged by the plaintiff, and that such negligence was the proximate cause of the death of the child as claimed by the plaintiff. Since a jury has determined that the defendants are liable, on evidence which we think clearly authorized such finding, we do not think that the charge on accident was proper. 'The idea of accident excludes responsibility because of negligence.' *Seaboard Air-Line R. v. Bradley*, 125 Ga. 193, 198 (54 SE 69, 114 ASR 196). Since accident was not involved under our view of the case, *the charge on that subject was probably harmful to the plaintiff in view of the very small verdict for the plaintiff.*" The italicized portion of the above holding was quoted in *Tallent v. McKelvey*, 105 Ga. App. 660, 662 (2) (125 SE2d 65). The reversal in both *Riggs* and *Tallent* was granted on additional controlling grounds. The error in the charge on "accident" in those cases was merely directory to the trial court for consideration in the new trial. It follows, therefore, that the charge of the court on the theory of accident in this case, even though error, as in *Riggs* and *Tallent*, is harmless error and constitutes no

ground for reversal. It is our opinion that the present case falls within the rule of the Supreme Court in *Jackson v. Seaboard Air-Line R.*, 140 Ga. 277, 283 (6), supra, and must be followed. See also *Gunson & Co. v. Garrett*, 53 Ga. App. 717 (3) (186 SE 849).

3. The charge complained of in the sixth ground of the motion for a new trial to the effect that if the plaintiff could, by the exercise of ordinary care, have avoided the consequences of the defendant's negligence he could not recover, "was not erroneous as impressing the jury that the plaintiff was under a duty 'to avoid the consequences of the defendant's negligence, though such negligence was not known or apparent to her, or was reasonably to be apprehended by her, and that if she didn't avoid it she could not recover.' See, in this connection, *Collum v. Georgia R. & El. Co.*, 140 Ga. 573 (2) (79 SE 475); *Atlanta &c. R. Co. v. Gardner*, 122 Ga. 82 (7) (49 SE 818); *Southern R. Co. v. Gore*, 128 Ga. 627 (1) (58 SE 180); *Louisville & N. R. Co. v. Ledford*, 142 Ga. 770 (6) (83 SE 792); *Southern Cotton Oil Co. v. Caleb*, 143 Ga. 585 (1) (85 SE 707). If the plaintiff desired that the court's charge should be amplified in conformity with the principles laid down in *Western & Atlantic R. Co. v. Ferguson*, 113 Ga. 708 (39 SE 306, 54 LRA 802), a request to charge should have been made accordingly." *Howard v. Georgia R. &c. Co.*, 35 Ga. App. 273, 274 (5) (133 SE 57). *Code* § 105-603. Nor was such charge erroneous on the ground that there was no evidence upon which to base said charge.

4. The verdict of the jury was not so grossly inadequate, under the evidence, as to justify the inference of gross mistake, undue bias or prejudice by the jury, and the general grounds of the motion for a new trial show no cause for reversal.

5. The special grounds of the motion for a new trial not herein dealt with are without merit, and the trial court did not err in overruling the motion for new trial.

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*

DECIDED FEBRUARY 27, 1964.

*E. J. Clower*, for plaintiff in error.

*Matthews, Maddox, Walton & Smith, Oscar M. Smith*, contra.